

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

### 1984CV00649 Bank of America N A vs. Turner, Peggy C et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 02/27/2019 |
| **ACTION CODE:** | A14 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Interpleader | | |
| **CASE DISPOSITION DATE** 06/17/2019 | | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE :** | 06/17/2019 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil F |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Bank of America N A | **Attorney** 690407<br>Casey L McCaffrey<br>Guaetta and Benson, LLC<br>Guaetta and Benson, LLC<br>73 Princeton St<br>Suite 208<br>North Chelmsford, MA 01863<br>Work Phone (978) 250-0999<br>Added Date: 02/27/2019 |
| **Defendant**<br>City of Revere Department of Planning and Community Development | |
| **Defendant**<br>Estate of David R Turner | |
| **Defendant**<br>Turner, Peggy C | |
| **Defendant**<br>United States of America Secretary of the Department of Housing and Urban Development | **Attorney** 652170<br>Carol E Head<br>US Attorney's Office<br>US Attorney's Office<br>One Courthouse Way<br>Suite 9200<br>Boston, MA 02210<br>Work Phone (617) 748-3100<br>Added Date: 05/28/2019 |
| **Other interested party**<br>Commonwealth of Massachusetts Commissioner of Revenue | **Attorney** 552409<br>John J Connors<br>Massachusetts Dept. of Revenue, Litigation Bureau<br>Massachusetts Dept. of Revenue, Litigation Bureau<br>100 Cambridge St 7th Floor<br>PO Box 9565<br>Boston, MA 02114-9565<br>Work Phone (617) 626-3219<br>Added Date: 03/25/2019 |



**SUFFOLK COUNTY CIVIL**
**Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 02/27/2019 | | Attorney appearance<br>On this date Casey Ryder McCaffrey, Esq. added for Plaintiff Bank of America N A | |
| 02/27/2019 | | Case assigned to:<br>DCM Track F - Fast Track was added on 02/27/2019 | |
| 02/27/2019 | 1 | Original civil complaint filed. | |
| 02/27/2019 | 2 | Civil action cover sheet filed.<br><br>(53,265.56) (TRK) | |
| 03/25/2019 | | Attorney appearance<br>On this date John J Connors, Jr., Esq. added for Other interested party Commonwealth of Massachusetts Commissioner of Revenue | |
| 03/28/2019 | 3 | Affidavit of William A. Ash | |
| 04/08/2019 | 4 | Received from<br>Other interested party Commonwealth of Massachusetts Commissioner of Revenue: Answer | |
| 05/17/2019 | 4.1 | Service Returned for<br>Defendant United States of America Secretary of the Department of Housing and Urban Development: Service made in hand; | |
| 05/20/2019 | 5 | Plaintiff Bank of America N A's EMERGENCY Motion to Extend Deadline to File Return of Service for Interested Party, the United States of America-Department of Justice (Tax Division) | |
| 05/20/2019 | 6 | Service Returned for<br>Defendant Estate of David R Turner: Service made at last and usual; | |
| 05/20/2019 | 7 | Summons, returned SERVED<br>(last & usual place of abode on 3/16/19)<br><br>Applies To: Estate of David R Turner (Defendant) | |
| 05/20/2019 | 8 | Service Returned for<br>Defendant Turner, Peggy C: Service made at last and usual; | |
| 05/20/2019 | 9 | Service Returned for<br>Other interested party Commonwealth of Massachusetts Commissioner of Revenue: Service made in hand; | |
| 05/20/2019 | 10 | Summons, returned SERVED<br>in hand on 3/15/19<br><br>Applies To: Commonwealth of Massachusetts Commissioner of Revenue (Other interested party) | |
| 05/20/2019 | 11 | Service Returned for<br>Defendant City of Revere Department of Planning and Community Development: Service made in hand; | |
| 05/20/2019 | 12 | Service Returned for<br>Defendant Turner, Peggy C: Service made at last and usual; | |



**COMMONWEALTH OF MASSACHUSETTS**
SUFFOLK COUNTY CIVIL
Docket Report

| | | |
|---|---|---|
| 05/20/2019 | 13 | Service Returned for<br>Defendant United States of America Secretary of the Department of<br>Housing and Urban Development: Service made in hand; |
| 05/20/2019 | 14 | Summons, returned SERVED<br>United States of America Internal Revenue (in hand on  3/27/19)<br><br>Applies To: Commonwealth of Massachusetts Commissioner of Revenue<br>(Other interested party) |
| 05/21/2019 | 15 | Service Returned for<br>Other interested party Commonwealth of Massachusetts Commissioner of<br>Revenue: Service through person in charge / agent;  (entered 5/17/19) |
| 05/24/2019 | | Endorsement on Motion to Extend Deadline to File Return of Service      Ames<br>(#5.0): ALLOWED<br>(dated 5/23/19) notice sent 5/24/19 |
| 05/28/2019 | | Attorney appearance<br>On this date Carol E Head, Esq. added for Defendant United States of<br>America Secretary of the Department of Housing and Urban Development |
| 05/28/2019 | 16 | Received from<br>Defendant United States of America Secretary of the Department of<br>Housing and Urban Development: Answer |
| 06/13/2019 | 17 | Notice of Removal to the United States District Court filed by<br><br>Defendant United States Department of Housing and Urban<br>Development(US Dist #19-cv-11290)<br><br>Applies To: United States of America Secretary of the Department of<br>Housing and Urban Development (Defendant) |
| 06/17/2019 | | REMOVED to the U.S. District Court<br>of Massachusetts |
| 06/17/2019 | | Case transferred to another court. |

I HEREBY ATTEST AND CERTIFY ON

June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

First Asst. Clerk



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO: $19-0649f$

Bank of America, N.A.
          Plaintiff,
v.

Peggy C. Turner
and
Estate of David R. Turner
and
Secretary of Housing and Urban Development
and
The City of Revere
          Defendants.

The United States of America
and
The Commonwealth of Massachusetts,
          Interested Parties.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## **MORTGAGEE'S COMPLAINT FOR INTERPLEADER**
(Mortgage Foreclosure Surplus Proceeds)

### INTRODUCTION

NOW COMES Plaintiff, Bank of America, N.A. (hereinafter "Plaintiff"), by and through its undersigned counsel, and brings this action, pursuant to Rule 22 of the Mass. R. Civ. P., following a foreclosure auction of certain real property commonly known and numbered 23 Tobin Avenue, Revere, MA 02151(hereinafter the "Property"). Plaintiff is currently holding surplus funds that it would like to pay into the Court.  Plaintiff further requests that it be discharged from any further obligation involving this matter.

PARTIES

1.   Plaintiff is a national banking association organized and existing under the laws of the United States and having an office at 7105 Corporate Drive, Plano, TX 73024-4100.

2.   Defendant, Peggy C. Turner ("Mrs. Turner"), is a natural person, who resides at 23 Tobin Avenue, Revere, Massachusetts, 02151. Upon information and belief, Mrs. Turner is neither a minor nor incompetent.

3.   Defendant, Estate of David R. Turner (the "Estate" or "Mr. Turner") (date of Death:  June 9, 2011) last resided at number 23 Tobin Avenue, Revere, Massachusetts 02151.

4.   Defendant, the United States of America, through its cabinet department, the Secretary of the Department of Housing and Urban Development ("Secretary of HUD"), is the program that administers Federal aid to local housing agencies that manage the housing for low-income residents with offices located below:

   a.   c/o Single Family Notes Branch, 2 West 2nd Street, Suite 400, Tulsa, OK 74103;

   b.   c/o Novad Management Consulting, Shepard's Mall, 2401 NW 23rd Street, Suite 1A1, Oklahoma City, OK 7307; and

   c.   451 7th Street, S.W., Washington, DC 20410.

5.   Defendant, The City of Revere through its Department of Planning and Community Development ("City of Revere"), is a duly organized municipality with a principal place of business at 281 Broadway, Revere, Massachusetts 02151.

6.   Inasmuch as an Affidavit was not recorded and pursuant to Internal Revenue Code §6324, the United States of America, through its agency the Internal Revenue Service, ("IRS") may be an interested party with offices located below:

a.  Internal Revenue Service, New England Advisor, 380 Westminster Street., 4th Floor, Providence, RI 02903;

b.  United States Attorney, United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210; and

c.  U.S. Department of Justice, Tax Division, Ben Franklin Station, Washington, DC 20044.

7.  Inasmuch as an Affidavit pursuant to Mass. Gen. Laws Chapter 65C, §14(a) was not recorded, the Commonwealth of Massachusetts, through its agency the Department of Revenue may be an interested party with the following addresses:

a.  Massachusetts Department of Revenue, 19 Staniford Street, Boston, MA 02114;

b.  Massachusetts Department of Revenue, 200 Arlington Street, Chelsea, MA 02150; and

c.  Massachusetts Department of Revenue – Legal Division, 100 Cambridge Street, Boston, MA 02114.

## INTERPLEADER and COMPLAINT FOR RELIEF

8.  Mr. Turner and Mrs. Turner acquired an interest in the Property by virtue of a deed (the "Deed") dated and recorded on July 11, 1997 with the Suffolk County Registry of Deeds in Book 21554, Page 266. (A true and accurate copy of the Deed is annexed hereto and marked as **Exhibit 1**).

9.  On July 11, 1997, Mr. Turner (date of death:  June 9, 2011, see Certificate of Death.  A copy of said instrument is annexed hereto and marked as **Exhibit 2**) and Mrs. Turner (the "Mortgagors") granted to North American Mortgage Company, a first-position mortgage

(the "Mortgage") in the original principal amount of $135,788.00. The Mortgage encumbered the Property and was recorded on July 11, 1997 with the Suffolk County Registry of Deeds in Book 21554, Page 267. (A true and accurate copy of the Mortgage is annexed hereto and marked as **Exhibit 3**).

10.     Washington Mutual Bank, successor to North American Mortgage Company assigned the mortgage to Countrywide Home Loans, Inc. via an Assignment of Mortgage dated March 12, 2002, and recorded on July 16, 2002 with the Suffolk County Registry of Deeds in Book 28919, Page 307. (A true and accurate copy of the Assignment is annexed hereto and marked as **Exhibit 4**).

11.     Countrywide Home Loans, Inc. subsequently assigned the mortgage to Plaintiff via an Assignment of Mortgage dated January 23, 2015, and recorded on January 29, 2015 with the Suffolk County Registry of Deeds in Book 53992, Page 88. (A true and accurate copy of the Assignment is annexed hereto and marked as **Exhibit 5**).

12.     On or about September 21, 2017, Plaintiff, through its counsel, Guaetta and Benson, LLC, foreclosed on said Mortgage by exercising the Power of Sale contained therein. The proceeds from the foreclosure sale conducted by public auction totaled $288,000.00, which sum was paid to Plaintiff by the third party purchaser, REEM Property, LLC, a Massachusetts Limited Liability Company with a principal place of business located at 168 East Main Street, Northborough, Massachusetts.   The foreclosure deed (the "Foreclosure Deed") transferring the Premises to REEM Property, LLC, was recorded on January 12, 2018 with the Suffolk County Registry of Deeds in Book 59059, Page 337. (A true and accurate copy of the Foreclosure Deed is annexed hereto and marked as **Exhibit 6**).

13.     After crediting itself with all proper charges, expenses of foreclosure and payments of the

balance due from the Mortgagors, Plaintiff now holds in its possession surplus funds in

the amount of $53,265.56 and has no personal interest in said funds.

14.     By reason of conflicting interests of the Defendants and Interested Parties named herein,

Plaintiff is in doubt as to which of the parties are entitled to said foreclosure surplus

proceeds and in what amounts.

15.     The following persons and/or entities appear of record to be all of the persons or entities

having an interest in said funds held by Plaintiff:

    a.  Upon information and belief, Defendants, Mrs. Turner, Mr. Turner and the Estate, are

       the former holders of the equity of redemption;

    b.  Defendant, Secretary of Housing and Urban Development, is the holder of a mortgage

       (the "HUD Mortgage") in the original principal amount of $17,611.66, dated

       February 9, 2009, and recorded on June 10, 2009 with the Suffolk County Registry of

       Deeds in Book 45060, Page 281.  (A true and accurate copy of the HUD Mortgage is

       annexed hereto and marked as **Exhibit 7**).

    c.  Defendant, City of Revere, is the holder of a mortgage (the "City of Revere

       mortgage") in the original principal amount of $31,000.00, dated August 4, 2010, and

       recorded on August 31, 2010 with the Suffolk County Registry of Deeds in Book

       46848, Page 155.  (A true and accurate copy of the City of Revere mortgage is

       annexed hereto and marked as **Exhibit 8**).

16.     The following interested parties may have an interest in the funds held by US Bank:

    a.  The United States through its agent the Internal Revenue Service; and/or

    b.  The Commonwealth of Massachusetts, through its agent, the Department of Revenue.

**WHEREFORE**, Plaintiff, Bank of America, N.A., respectfully requests that his Honorable Court Order as follows:

1) That Plaintiff be authorized and directed to pay into the Court the surplus funds from the foreclosure sale, less its reasonable Attorney's fees, expenses and costs incurred in bringing this Interpleader Complaint;

2) That the Defendants and Interested Parties be restrained and enjoined from instituting or prosecuting any action or proceeding against Plaintiff in any Court regarding said foreclosure surplus;

3) That the Defendants and Interested Parties be ordered to interplead and litigate among themselves their rights or claims to said foreclosure surplus deposited into the Court;

4) That a Judgment be entered discharging Plaintiff from all liability to anyone in connection with said foreclosure surplus proceeds as deposited into the Court;

5) That Plaintiff be awarded its costs and reasonable attorney's fees in bringing this action and deduct same from the foreclosure proceeds; and

6) Grant such further and/or other relief as this Court deems just and appropriate.

Dated: February 2̸1̸, 2019

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

Respectfully submitted,
Bank of America, N.A.

By its Attorneys

Casey McCaffrey, Esq.
BBO#690407
GUAETTA & BENSON, LLC
73 Princeton Street, Suite 208
North Chelmsford, MA 01863
(978) 250-0999 – Tel.
(978) 250-4979 – Fax

EXHIBIT 1

21554 266

EUGENE E. ZOLLO

of  Revere                                    Suffolk    County, Massachusetts

for  One Hundred Thirty Seven Thousand ($137,000.00) dollars consideration paid
grant to  DAVID R. TURNER and PEGGY C. TURNER, Husband and Wife, as
Tenants by the Entirety

of 23 Tobin Avenue, Revere          **629**

Suffolk County, Massachusetts                    with **quitclaim covenants**

the land in
Certain Real Estate situated in Revere in the County of Suffolk, Bounded
and Described as Follows: (Description and encumbrances, if any)

Commencing at the point where the Westerly Line of Lot 259 Intersects
the Northerly Side of Tobin Avenue, Thence running Northwesterly along
said Northerly side of Tobin Avenue, Forty (40) feet; Thence running
Northeasterly along rear lines of Lots 75-76-77-78, Eighty (80) feet;
Thence running Southeasterly, but more Southerly along rear line of Lot
238, Twenty and 30/100 (20.30) feet; Thence running Southeasterly along
rear line of Lot 239, Nineteen and 98/100 (19.98 Feet); Thence running
Southwesterly along said Westerly line of Lot 259, Seventy-Eight and
52/100, (78.52) Feet to the point of beginning.

Being Lots Nos. 260 and 261, with the buildings thereon, on the map
entitled "Plan of Riverside, Point of Pines, Revere, Massachusetts,
owned by Point of Pines Trust, Alden A. Mills, Trustee, May, 1921,"
Recorded with the Suffolk Deeds at the end of Book 4580.

Containing 3131 Square Feet.

Being the same premises conveyed to me by Deed of Linda A. Zollo
July 1, 1993 Recorded with Suffolk Registry of Deeds in Book 18339
Page 171.

Return To:
SOLOMON & SHUMAN, P.C.
CITIZENS BANK BUILDING
385 BROADWAY
REVERE, MA 02151

**Witness** my hand and seal this  11th  day of  July  19 97

Eugene E. Zollo
Eugene E. Zollo

## The Commonwealth of Massachusetts

Suffolk                    ss.                    July    11    1997

Then personally appeared the above-named  Eugene E. Zollo

and acknowledged the foregoing instrument to be  his  free act and deed, before me

Richard Harry Wynn
RICHARD HARRY WYNN         Notary Public

My commission expires  11-16-30.01

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee
and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration thereof, if not delivered for
a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or
encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed.
Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is
in compliance with the requirements of this section.

Box 190

EXHIBIT 2

# Suffolk County Registry of Deeds

# Electronically Recorded Document

## This is the first page of the document - Do not remove

---

### Recording Information

| | |
|---|---|
| Document Number | : 83127 |
| Document Type | : DEATH |
| Recorded Date | : September 07, 2016 |
| Recorded Time | : 10:24:52 AM |
| | |
| Recorded Book and Page | : 56728 / 205 |
| Number of Pages(including cover sheet) | : 2 |
| Receipt Number | : 622667 |
| Recording Fee | : $75.00 |

**Suffolk County Registry of Deeds**
**Thomas M. Ryan, Temporary Register**
**24 New Chardon Street**
**Boston, MA 02114**
**617-788-8575**
**Suffolkdeeds.com**

Bk: 56728 Pg: 206

**The Commonwealth of Massachusetts**
MEDICAL EXAMINER'S CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

FOR USE BY MEDICAL EXAMINERS ONLY

OCME CASE NUMBER: 2011-8418
REGISTERED NUMBER: 222

| 1 DECEDENT – NAME   FIRST | MIDDLE | LAST | 2 SEX | 3 DATE OF DEATH (Mo., Day, Yr.) |
|---|---|---|---|---|
| David | | Turner | M | June 9, 2011 |

| 4a PLACE OF DEATH (City/Town) | 4b COUNTY OF DEATH | 4c HOSPITAL OR OTHER INSTITUTION – Name (If not in either, give street and number) |
|---|---|---|
| Revere | Suffolk | 23 Tobin Ave |

5 PLACE OF DEATH (Check only one)
☐ Hospital: ☐ Inpatient ☐ ER/Outpatient ☐ DOA
Other: ☐ Nursing Home ☒ Residence ☐ Other (specify)

6 SOCIAL SECURITY for 6-9999

7 IF US WAR VETERAN Specify War

| 8a WAS DECEDENT OF HISPANIC ORIGIN? (If yes, specify) | 8b RACE (specify) | 9 DECEDENT'S EDUCATION (highest grade completed) Elem-Sec (0-12)   College (1-4, 5+) |
|---|---|---|
| ☒ No ☐ Yes: | White | 12 |

| 10a AGE – Last Birthday (Yrs) | b UNDER 1 YEAR | c UNDER 1 DAY | 10d DATE OF BIRTH (Mo., Day, Yr.) | 11 BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|
| 61 | MOS   DAYS | HRS   MINS | March 1, 1950 | Chelsea, MA |

| 12 MARRIED, NEVER MARRIED, WIDOWED OR DIVORCED | 13 LAST SPOUSE (full name at birth or adoption) | 14a USUAL OCCUPATION (Prior, if retired) | 14b TYPE OF BUSINESS/INDUSTRY |
|---|---|---|---|
| Married | Peggy C. Stewart | Supervisor | Warehousing |

| 15a RESIDENCE – No. and Street, City/Town, County, State/Country | 15b Zip Code |
|---|---|
| 23 Tobin Ave, Revere, Suffolk, MA | 02151 |

| 16 FATHER – full name at birth or adoption | 17 STATE OF BIRTH (if not in US, name country) | 18 MOTHER – full name at birth or adoption | 19 STATE OF BIRTH (If not in US, name country) |
|---|---|---|---|
| John William Turner | KS | Eileen Estabrook | MA |

| 20 INFORMANT'S NAME | 21 MAILING ADDRESS | 22 RELATIONSHIP |
|---|---|---|
| Peggy C. Turner | 23 Tobin Ave, Revere, MA 02151 | Wife |

23 METHOD OF IMMEDIATE DISPOSITION
☐ Burial ☒ Cremation ☐ Entombment ☐ Removal from State ☐ Donation ☐ Other

| 24 FUNERAL SERVICE LICENSEE OR OTHER DESIGNEE | 25 LICENSE # |
|---|---|
| David A. Casper | 6562 |

| 26a PLACE OF DISPOSITION (Name of cemetery, crematory, or other) | 26b LOCATION (City/Town/State) |
|---|---|
| Duxbury Crematory | Duxbury, MA |

| 27 DATE OF DISPOSITION (Mo., Day, Yr.) | 28a/b NAME AND ADDRESS OF FACILITY OR OTHER DESIGNEE |
|---|---|
| June 17, 2011 | Casper Funeral Home, 187 Dorchester St., Boston, MA 02127 |

29 PART I – CAUSE OF DEATH – SEQUENTIALLY LIST IMMEDIATE THEN ANTECEDENT CAUSES THEN UNDERLYING CAUSE

| | | APPX INTERVAL |
|---|---|---|
| a   Immediate Cause | COMPLICATIONS OF CHRONIC ETHANOL ABUSE | MONTHS |
| b   Due to | | |
| c   Due to | | |
| d   Due to | | |

30 PART II – OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH

31 AUTOPSY?
☐ Yes ☒ No
No

34 MANNER OF DEATH
☒ Natural ☐ Accident ☐ Homicide ☐ Suicide ☐ Could not be determined ☐ Pending Investigation

| 35a DATE OF INJURY | 35b TIME OF INJURY AM / PM | 35c INJURY AT WORK? ☐ Yes ☐ No |
|---|---|---|

35d DESCRIBE HOW INJURY OCCURRED

35e PLACE OF INJURY (Type)

35f LOCATION/ADDRESS OF INJURY

38 MEDICAL EXAMINER CERTIFICATION

| 37a APPX TIME OF DEATH | 37b DATE PRONOUNCED |
|---|---|
| UNKNOWN | JUNE 09, 2011 |

| 39 LICENSE # 226653 | 37c TIME PRONOUNCED |
|---|---|
| | 2:16 PM |

37a On the basis of examination and/or investigation in my opinion death occurred at the time, date, and place and due to the cause(s) stated.
(Name and Address) JOHN B. PARKER, MD, 720 ALBANY ST., BOSTON, MA 02118
(Signature)

37d TIME SIGNED
37e DATE SIGNED JUNE 30, 2011

PERMANENT BLACK INK ONLY

PRONOUNCEMENT FORM ON FILE ☐

| 40a RN/ PA/ NP PRONOUNCEMENT? ☐ Yes ☒ No NO | 40b IF YES, DATE | 40c IF YES, TIME AM / PM | 40d NAME OF PRONOUNCER | TITLE ☐ RN ☐ PA ☐ NP |
|---|---|---|---|---|

| 41 DATE BURIAL PERMIT ISSUED | 42 RECEIVED IN CITY/TOWN OF | 43 DATE OF RECORD |
|---|---|---|
| June 17, 2011 | REVERE | |

| BURIAL AGENT SIGNATURE | CLERK'S SIGNATURE | |
|---|---|---|
| s/Nicholas R. Catinazzo | Ashley E. Melnik | June 17, 2011 |

FORM 301-ME-010107

See Deed recorded in Book 21554, Page 266

IN WITNESS WHEREOF, I hereunto set my hand and seal of the said City of Revere, on this day and year   MAY 19 2016

Attest:   Ashley E. Melnik   City Clerk

EXHIBIT 3

21554 267

SUFFOLK REGISTRY OF DEEDS
REC'D ENT'D & EXAM. ATTEST

Jul 11  3 13 PM '97          630

*Paul R. Turney*

SOLOMON & SHUMAN, P.C.   REGISTER
CITIZENS BANK BUILDING
395 BROADWAY
REVERE, MA 02151

WHEN RECORDED MAIL TO:
~~NORTH AMERICAN MORTGAGE COMPANY®~~
~~P.O. BOX 808031~~
~~RETALUMA, CA 94975-8031~~
DOC MANAGEMENT AU 054

[Space Above This Line For Recording Data]

## MORTGAGE

State of Massachusetts
MFMA      F13

| FHA Case No. |
| --- |
| 251-1996681-729 |

567514 -677

THIS MORTGAGE ("Security Instrument") is given on   JULY 11TH, 1997
The Mortgagor is DAVID R. TURNER AND PEGGY C. TURNER

("Borrower"). This Security Instrument is given to NORTH AMERICAN MORTGAGE COMPANY®

which is organized and existing under the laws of  DELAWARE
and whose address is 3883 AIRWAY DRIVE, SANTA ROSA, CA 95403
("Lender"). Borrower owes Lender the principal sum of
ONE HUNDRED THIRTY FIVE THOUSAND SEVEN HUNDRED EIGHTY EIGHT AND 00/100
Dollars (U.S. $      135,788.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
AUGUST 01, 2027       . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b)
the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this
Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security

FHA Massachusetts Mortgage - 4/96
-4R(MA) (9604).01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 8                    Initials:

Borrower

21554  268

Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender, with power of sale, the following described property located in   **SUFFOLK**
County, Massachusetts:

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE
EXHIBIT AND IS MADE A PART HEREOF.

which has the address of   **23 TOBIN AVENUE, REVERE**                          [Street, City],
Massachusetts   **02151**                          [Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
**2. Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq;* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

**-4R(MA)** (9604).01                          Page 2 of 8                          Initials:

21554   269

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan

**-4R(MA)** (9604).01                           Page 3 of 8                              Initials:

21554   270

evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn- St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

-4R(MA) (9604).01          Page 4 of 8          Initials:

21554 271

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.

21554  272

Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**-4R(MA)** (9604).01                    Page 6 of 8                    Initials: ___

M2MA

21554  273

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to other persons prescribed by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider ☐ Growing Equity Rider ☒ Other [specify]
☐ Planned Unit Development Rider ☐ Graduated Payment Rider    ARM RIDER

21554 274

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_Mark S. Solomon_

_David R. Turner_ (Seal)
DAVID R. TURNER -Borrower

_Peggy C. Turner 7/9/97_ (Seal)
PEGGY C. TURNER -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

COMMONWEALTH OF MASSACHUSETTS, SUFFOLK County ss:

On this            day of                        , before me personally appeared
DAVID R. TURNER, PEGGY C. TURNER

, to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

My Commission Expires:  1/16/98

_Mark S. Solomon_
Notary Public   Mark S. Solomon

VMP -4R(MA) (9604).01                Page 8 of 8

R489
F 13

21554  275

567514-677

FHA Case No.
251-1996681-729

# ADJUSTABLE RATE RIDER

THIS ADJUSTABLE RATE RIDER is made this                    11TH                    day of
JULY                    , 1997        , and is incorporated into and shall be deemed to amend and
supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given
by the undersigned ("Borrower") to secure Borrower's Note ("Note") to
NORTH AMERICAN MORTGAGE COMPANY®

(the "Lender") of the same date and covering the property described in the Security Instrument and
located at:

23 TOBIN AVENUE
REVERE, MA 02151
[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE
AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE
TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

## INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Date**
The interest rate may change on the first day of   OCTOBER                    , 1998        , and on that day
of each succeeding year. "Change Date" means each date on which the interest rate could change.

**(B) The Index**
Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the
weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as
made available by the Federal Reserve Board. "Current Index" means the most recent Index figure
available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will
use as a new Index any index prescribed by the Secretary. As used in this Rider, "Secretary means the
Secretary of Housing and Urban Development or his or her designee." Lender will give Borrower notice of
the new Index.

**FHA Multistate ARM Rider - 10/95**
ⓜ -591 (9601)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                    Initials:




21554  276

**(C) Calculation of Interest Rate Changes**
Before each Change Date, Lender will calculate a new interest rate by adding a margin of percentage point(s) ( **2.750** %) **TWO AND 75/100** to the Current Index and rounding the sum to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in paragraph (D) of this Rider, this rounded amount will be the new interest rate until the next Change Date.

**(D) Limits on Interest Rate Changes**
The existing interest rate will never increase or decrease by more than one percentage point (1.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate, as stated in Paragraph 2 of the Note.

**(E) Calculation of Payment Change**
If the interest rate changes on a Change Date, Lender will calculate the amount of monthly payment of principal and interest which would be necessary to repay the unpaid principal balance in full at the Maturity Date at the new interest rate through substantially equal payments. In making such calculation, Lender will use the unpaid principal balance which would be owed on the Change Date if there had been no default in payment on the Note, reduced by the amount of any prepayments to principal. The result of this calculation will be the amount of the new monthly payment of principal and interest.

**(F) Notice of Changes**
Lender will give notice to Borrower of any change in the interest rate and monthly payment amount. The notice must be given at least 25 days before the new monthly payment amount is due, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the new monthly payment amount, (vi) the Current Index and the date it was published, (vii) the method of calculating the change in monthly payment amount, and (viii) any other information which may be required by law from time to time.

**(G) Effective Date of Changes**
A new interest rate calculated in accordance with paragraphs (C) and (D) of this Rider will become effective on the Change Date. Borrower shall make a payment in the new monthly amount beginning on the first payment date which occurs at least 25 days after Lender has given Borrower the notice of changes required by paragraph (F) of this Rider. Borrower shall have no obligation to pay any increase in the monthly payment amount calculated in accordance with paragraph (E) of this Rider for any payment date occurring less than 25 days after Lender has given the required notice. If the monthly payment amount calculated in accordance with paragraph (E) of this Rider decreased, but Lender failed to give timely notice of the decrease and Borrower made any monthly payment amounts exceeding the payment amount which should have been stated in a timely notice, then Borrower has the option to either (i) demand the return to Borrower of any excess payment, with interest thereon at the Note rate (a rate equal to the interest rate which should have been stated in a timely notice), or (ii) request that any excess payment, with interest thereon at the Note rate, be applied as payment of principal. Lender's obligation to return any excess payment with interest on demand is not assignable even if the Note is otherwise assigned before the demand for return is made.

−591 (9601)    Page 2 of 3    Initials: _____

21554  277

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)
DAVID R. TURNER                    -Borrower

_____ (Seal)
PEGGY C. TURNER      7/19/97      -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

Witness:

Mark
Solomon

-591 (9601)                    Page 3 of 3

21554   278

## EXHIBIT A

Certain real estate situated in Revere in the County of Suffolk, bounded and described as follows:

Commencing at the point where the westerly line of Lot 259 intersects the northerly side of Tobin Avenue, thence running northwesterly along said northerly side of Tobin Avenue, forty (40) feet; thence running northeasterly along rear lines of Lots 75-76-77-78, eighty (80) feet; thence running southeasterly, but more southerly along rear line of Lot 238, twenty and 30/100 (20.30) feet; thence running southeasterly along rear line of Lot 239, nineteen and 98/100 (19.98 feet); thence running southwesterly along said westerly line of Lot 259, seventy-eight and 52/100(78.52) feet to the point of beginning. Said Lots 260-261 containing 3131 square feet. Being Lots Nos. 260 and 261, with the buildings thereon, on the map entitled "Plan of Riverside, Point of Pines, Revere, Massachusetts, owned by Point of Pines Trust, Alden A. Mills, Trustee, May, 1921," recorded with the Suffolk Deeds at the end of Book 4580.

For Mortgagor's title see deed recorded herewith.

EXHIBIT 4

289.19   307

THIS INSTRUMENT PREPARED BY:
WASHINGTON MUTUAL BANK, FA, SUCCESSOR TO
NORTH AMERICAN MORTGAGE COMPANY
3883 AIRWAY DRIVE
SANTA ROSA, CA 95403
WHEN RECORDED RETURN TO:
Record & Return To:
Countrywide Home Loans, Inc.
1800 Tapo Canyon Road SV-79
Simi Valley CA 93063
Attn Nancy Jacinto
Doc Id # 000162426200SN

SUFFOLK REGISTRY
REC'D/ENTD & EXAM ATTEST
2002 JUL 16  AM 8: 34

*James C. Doyle Jr.*
ACTING REGISTER OF DEEDS

75

———— (Space Above This Line For Recording Data) ————

## ASSIGNMENT OF MORTGAGE

**$135,788.00**
Original Mortgage Amount

**WASHINGTON MUTUAL BANK, FA, SUCCESSOR TO NORTH AMERICAN**      holder of a mortgage from
**MORTGAGE COMPANY**

**DAVID R. TURNER, PEGGY C. TURNER**

to  **NORTH AMERICAN MORTGAGE COMPANY**

dated      **July 11, 1997**          , in the original principal sum of      **$135,788.00.**   ; recorded with Registry
of Deeds, Book   *21554*   . Page   *267*    as Instrument Number   *630*           in
**SUFFOLK**                County, State,        **MASSACHUSETTS**  , on  *7-11-97*
hereby grants, bargains, sells, assigns, transfers and sets over said mortgage and the note and claims secured to
**COUNTRYWIDE HOME LOANS, INC.**

**4500 PARK GRANADA, CALABASAS, CA 91302**

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT AND IS MADE A PART HEREOF.

Property Address      **23 TOBIN AVENUE, REVERE, MA 02151**

IN WITNESS WHEREOF,   **WASHINGTON MUTUAL BANK, FA, SUCCESSOR TO NORTH**      has caused these
                          **AMERICAN MORTGAGE COMPANY**

presents to be signed in its name and behalf by      **MIKE BLAIR**        its      **VICE PRESIDENT**
this          **March 12, 2002**

Signed in the presence of

WITNESS: *[signature]*

**LISA HILDRETH**
**ASSISTANT SECRETARY**

*[signature]*
**JANINA VITO**
**WITNESS**

WASHINGTON MUTUAL BANK, FA, SUCCESSOR TO
NORTH AMERICAN MORTGAGE COMPANY

BY *[signature]*
**MIKE BLAIR**
ITS   **VICE PRESIDENT**

STATE OF      **NEW YORK**          )
                                     ) SS
COUNTY OF      **ORLEANS**          )

On      **March 12, 2002**        , before me    **CATHY NARBURGH**      , a Notary Public
personally appeared              **MIKE BLAIR**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

Signature *Cathy A. Narburgh*

MA-CT      CWF02G

**CATHY R. NARBURGH**
Notary Public, State of New York
No. 01NA5061116
Qualified in Orleans County
Commission Expires 7/09/2003

(seal)
PAGE: 1

EXHIBIT 5

# Suffolk County Registry of Deeds

# Electronically Recorded Document

This is the first page of the document - Do not remove

## Recording Information

| | |
|---|---|
| Document Number | : 6506 |
| Document Type | : AST |
| Recorded Date | : January 29, 2015 |
| Recorded Time | : 07:54:12 AM |
| Recorded Book and Page | : 53992 / 88 |
| Number of Pages(including cover sheet) | : 3 |
| Receipt Number | : 541112 |
| Recording Fee | : $75.00 |

**Suffolk County Registry of Deeds**
**Francis "Mickey" Roache, Register**
**24 New Chardon Street**
**Boston, MA 02114**
**617-788-8575**
**Suffolkdeeds.com**

Bk: 53992 Pg: 89

This space for Recorder's use

DocID#   85416242669317

Recording Requested By:
**Bank of America**
Prepared By:
**Diana De Avila**
**800-444-4302**
**1800 Tapo Canyon Road**
**Simi Valley, CA 93063**

When recorded mail to:
**CoreLogic**
**Mail Stop: ASGN**
**1 CoreLogic Drive**
**Westlake, TX 76262-9823**

Property Address:
**23 Tobin AVENUE**
**Revere, MA 02151-1667**
Property Location:
**Township of REVERE**
MA0-AM  31922094  E  1/22/2015  AZ01

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **155 N LAKE AVE, PASADENA, CA 91109** does hereby grant, sell, assign, transfer and convey unto **BANK OF AMERICA, N.A.** whose address is C/O BAC, M/C: CA6-914-01-43, **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Beneficiary:                    **NORTH AMERICAN MORTGAGE COMPANY**
Original Borrower(s):        **DAVID R. TURNER AND, PEGGY C. TURNER**
Date of Mortgage:           **7/11/1997**
Original Loan Amount:     **$135,788.00**

Recorded in **Suffolk County, MA** on: **7/11/1997**, book 21554, page 267 and instrument number **630**

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
**JAN 2 3 2015**

**COUNTRYWIDE HOME LOANS INC.**

By:  _____

Cecilia Rodriguez
Assistant Vice President

Bk: 53992 Pg: 90

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **California**
County of **Ventura**

On **JAN 2 3 2015** before me, _____ *Danya Bucaro* _____, Notary Public, personally appeared _____ Cecilia Rodriguez _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
                                    DANYA BUCARO
                                  Commission # 2058111
                                 Notary Public - California
                                     Ventura County
                              My Comm. Expires Mar 15, 2018
```

Notary Public: _____ *Danya Bucaro* _____   (Seal)
My Commission Expires: *March 15, 2018*

EXHIBIT 6

Bk: 59059 Pg: 337

Law Offices of Richard G. Di Girolamo
424 Broadway
Somerville, MA 02145

MASSACHUSETTS EXCISE TAX
Suffolk County District ROD #001
Date: 01/12/2018 02:23 PM
Ctrl# 177044 03307 Doc# 00003156
Fee: $1,313.28 Cons: $288,000.00

2018 00003156
Bk: 59059 Pg: 337   Page: 1 of 5
Recorded: 01/12/2018 02:23 PM
ATTEST:Stephen J. Murphy, Register
Suffolk County Registry of Deeds

## FORECLOSURE DEED

**Bank of America, N.A.**

an association duly established under the laws of the United States of America and having its usual place of business at 7105 Corporate Drive, Plano, TX, 75024-4100

the current holder of a mortgage

from David R. Turner and Peggy C. Turner

to North American Mortgage Company

dated July 11, 1997 recorded with Suffolk County Registry of Deeds, Book 21554, Page 267

by the power conferred by said mortgage and every other power, for Two Hundred Eighty-Eight Thousand and 00/100 Dollars (**$288,000.00**) paid,

Grants to **REEM Property, LLC,** a Massachusetts Limited Liability Company with a principal place of business located at 168 East Main Street, Northborough, Massachusetts, the premises conveyed by said mortgage known and numbered as:

### 23 Tobin Avenue, Revere, Suffolk County, Massachusetts 02151

Property Address: 23 Tobin Avenue, Revere, Suffolk County, Massachusetts 02151

WITNESS: the execution and company seal of said company on *NOVEMBER 15*,
20 *17*.

Bank of America, N.A.

*[signature]*  11/15/17

By: *KEVIN JAMES GOOD*, its
*ASSISTANT VICE PRESIDENT* (title)

## ACKNOWLEDGMENT

State of *ARIZONA*
County of *MARICOPA*

On this *15TH* day of *NOVEMBER*, 20 *17*, before me, the undersigned notary
public, personally appeared *KEVIN JAMES GOOD* (name of document signer), as
*ASSISTANT VICE PRESIDENT* (title) for Bank of America, N.A. proved to me through satisfactory
evidence of identification, which were *DRIVER LICENSE*, (form of identification) to be the
person whose name is signed on the preceding or attached document, and acknowledged to me
that he/she signed it voluntarily for its stated purposes on behalf of Bank of America, N.A.



*[signature]* 11-15-17
Notary Public *Rosemary Trujillo*
My Commission Expires: *October 1, 2019*

ROSEMARY TRUJILLO
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
October 1, 2019

Property Address: 23 Tobin Avenue, Revere, Massachusetts  02151

2

### *Affidavit of Sale*

I, AngelaMarie Nunez_____, Assistant Vice president (title) of Bank of America, N.A.,  named in the foregoing deed, make oath and say that the principal and interest obligation mentioned in the mortgage above-referenced was not paid or tendered or performed when due or prior to the sale, and that Bank of America, N.A., published on August 30, 2017, September 6, 2017 and September 13, 2017 in the Revere Journal, a newspaper published or by its title page purporting to be published in Revere, Suffolk County, and having a circulation therein a notice of which the following is a true copy:

### See Exhibit "A" Attached Hereto

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws by mailing the required notices, certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, September 21, 2017 at 10:00 AM, Bank of America, N.A. sold the mortgaged premises at public auction by James A. Peterson, a duly licensed auctioneer of Daniel P. McLaughlin & Co., LLC to **REEM Property, LLC** of 168 East Main Street, Northborough, Massachusetts for consideration of Two Hundred Eighty-Eight Thousand and 00/100 Dollars ($288,000.00) bid by Paul Kalmansson, agent for REEM Property, LLC of 168 East Main Street, Northborough, Massachusetts being the highest bid at said auction.

Signed under the pains and penalties of perjury, this _15_ day of _November_ , 20_17_ .

Bank of America, N.A.

_angela nung_   11-15-17

By: _Angela Marie Nunez_ , its _Assistant Vice president_ (title)
(AVP)

State of _ARIZONA_
County of _MARICOPA_

On this _15_ day of _November_ , 20_17_, before me, the undersigned notary public, personally appeared _Angela Marie Nunez_ (name of document signer), proved to me through satisfactory evidence of identification, which were _Driver License_ , to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of (his) (her) knowledge and belief as _AVP_ (Title) of Bank of America, N.A., as aforesaid.

```
DEBORAH KING
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
August 6, 2020
```

_Deborah King_  11/15/17
Notary Public   _Deborah King_
My Commission Expires:
_August 6, 2020_

Property Address: 23 Tobin Avenue, Revere, Massachusetts 02151

2

*Exhibit "A"*

## Proof of Newspaper Publication

**LEGAL NOTICE**
**MORTGAGEE'S SALE OF REAL ESTATE**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by David R. Turner and Peggy C. Turner to North American Mortgage Company dated July 11, 1997 and recorded with the Suffolk County Registry of Deeds, in Book 21554, Page 267, as assigned by Assignment of Mortgage dated March 12, 2002 and recorded with Suffolk County Registry of Deeds, Book 28919, Page 307, and as assigned by Assignment of Mortgage dated January 23, 2015 and recorded with Suffolk County Registry of Deeds, Book 53992, Page 88, of which mortgage the undersigned is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at Public Auction at 10:00 AM, on September 21, 2017, on the premises known as 23 Tobin Avenue, Revere, Massachusetts, the premises described in said mortgage, together with all the rights, easements, and appurtenances thereto, to wit:

Certain real estate situated in Revere in the County of Suffolk, bounded and described as follows:
Commencing at the point where the westerly line of Lot 259 intersects the northerly side of Tobin Avenue, then running northwesterly along said northerly side of Tobin Avenue, forty (40) feet; thence running northeasterly along rear lines of Lots 75-76-77-78, eighty (80) feet, thence running southeasterly, but more

southerly along rear line of Lot 238, twenty and 30/100 (20.30) feet; thence running southeasterly along rear line of Lot 239, nineteen and 98/100 (19.98); thence running southwesterly along said westerly line of Lot 259, seventy-eight and 52/100 (78.52) feet to the point of beginning. Said Lots 260-261 containing 3131 square feet. Being Lots Nos. 260 and 261, with the buildings thereon, on the map entitled "Plan of Riverside, Point of Pines, Revere, Massachusetts, owned by Point of Pines Trust, Alden A. Mills, Trustee, May 1921," recorded with the Suffolk Deeds at the end of Book 4580.

Affidavit recorded in Suffolk County in Book 21659, Page 18.
Terms of Sale: These premises are being sold subject to any and all unpaid real estate taxes, water rates, municipal charges and assessments, condominium charges, expenses, costs, and assessments, if applicable, federal tax liens, partition wall rights, statutes, regulations, zoning, subdivision control, or other municipal ordinances or bylaws respecting land use, configuration, building or approval, or bylaws, statutes or ordinances regarding the presence of lead paint, asbestos or other toxic substances, sanitary codes, housing codes, tenancy, and , to the extent that they are recorded prior to the above mortgage, any easements, rights of way, restrictions, confirmation or other matters of record.
Purchaser shall also bear all state and county deeds excise tax. The deposit of $5,000.00 is to be paid in cash or bank or certified check

at the time and place of the sale, with the balance of the purchase price to be paid by bank or certified check within thirty (30) days after the date of the sale, to be deposited in escrow with Guaetta and Benson, LLC, at 73 Princeton Street, Suite 212, North Chelmsford, Massachusetts.
In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of the foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder or, thereafter, to the next highest bidders, providing that said bidder shall deposit with said attorney, the amount of the required deposit as set forth herein within five (5) business days after written notice of the default of the previous highest bidder.
Other terms, if any, are to be announced at the sale.
Dated: August 28, 2017
Present holder of said mortgage
Bank of America, N.A.
by its Attorneys
Guaetta and Benson, LLC
Peter V. Guaetta, Esquire
P.O. Box 519
Chelmsford, MA 01824
8/30/17, 9/6/17, 9/13/17
R

EXHIBIT 7

FHA- PARTIAL CLAIM

2009 00052093
Bk: 45060 Pg: 281     Doc: MTG
Page: 1 of 7    08/10/2009 10:09 AM

**Recording** Requested by &
**When** Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

SPACE ABOVE FOR RECORDER USE

FHA Case No.

2511996681729

DOC ID #0651624267105B_

1511750U

# MORTGAGE

THIS MORTGAGE ("Security Instrument"), is given on 2/9/2009. The Mortgagor(s) are DAVID R TURNER & PEGGY C TURNER, whose address is 23 TOBIN AVENUE, REVERE, MA 02151 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is **Department of Housing and Urban Development, Attention: Morris-Griffin/First Madison Services, Inc. 4111 S. Darlington, Suite 300, Tulsa, OK 74135** ("Lender"). Borrower owes Lender the principal sum of 17,611.66. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on 1/1/2028. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note: (b) the payment of all other sums, with interest, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in  SUFFOLK County, State of **Massachusetts**: which has the address 23 TOBIN AVENUE, REVERE, MA 02151 ("Property Address") more particularly described as follows:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1.     **PAYMENT OF PRINCIPAL.** Borrower shall pay when due the principal of the debt evidenced by the Note, together with interest or other charges as provided in the Note and the Security Instrument.

2.     **LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY.** If (A) Borrower does not keep all promises and agreements made in this Security Instrument, or (B) someone, including Borrower, begins a legal proceeding that may significantly

MASSACHUSETTS – SUBORDINATE MORTGAGE - 10/97 - **HUD INSTRUMENT**

FHA- PARTIAL CLAIM

affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 2 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give Borrower notice before Lender may take any of these actions.

Borrower will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 2. This Security Instrument will protect Lender in case Borrower does not keep this promise to pay those amounts with interest.

Borrower will pay those amounts to Lender when Lender sends Borrower a notice requesting that Borrower do so. Borrower will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and Borrower may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 2, Lender does not have to do so.

3.      **BORROWER NOT RELEASED; FORBEARANCES BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

4.      **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note; (a) is consigning this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

5.      **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Morris-Griffin/First Madison Services, Inc. 4111 S. Darlington, Suite 300, Tulsa, OK 74135 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

6.      **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

7.      **BORROWER'S COPY.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

8.      **ACCELERATION; REMEDIES.** If Borrower fails to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amount owed under the Note and under this Security Instrument, Lender, prior to acceleration, shall give notice to Borrower as provided in paragraph 5 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all

2 of 4

FHA- PARTIAL CLAIM

reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 8, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Security Instrument; and (c) the excess, if any, to the person or persons legally entitled thereto.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

9.      **BORROWER'S RIGHT TO REINSTATE.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amounts due under the Note and this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if the Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

10.     **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without cost to Borrower. Borrower shall pay all costs of recordation. if any.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any riders(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

_____ (Seal)          _____ (Seal)

*DAVID R TURNER*                                *PEGGY C TURNER*

3 of 4

FHA- PARTIAL CLAIM

The Note secured by the Mortgage has:
a Principal Sum of                          a Period of Loan of
a Rate of Interest of                       Periodic Due Dates of

**COMMONWEALTH OF MASSACHUSETTS,**                    County ss: _Suffolk_

On this _20th_ day of _February_ , _2009_ , before me personally appeared

_David R Turner and Peggy C. Turner_

to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

My Commission expires: _12/09_

_____
Notary Public

_____ (Space Below This Line Reserved For Lender and Recorder)_____

4 of 4

**MASSACHUSETTS** - SUBORDINATE MORTGAGE - 10/97 - **HUD INSTRUMENT**

This is certify that this document was prepared by Bank of America Home Loans,


*Regdora Marlin*

Regdora Marlin
Partial Claims Team - Richardson
2380 Performance Drive
MS: TX2-984-05-04
Richardson, TX 75082
866-538-7052 ext 2622

Bk: 45060 Pg: 286

# Exhibit 'A'

<u>Landsafe File No.</u>: 09-6-049275B

<u>APN Number</u>: REVE-000013-T001929-000008

<u>Legal Description</u>: CERTAIN REAL ESTATE SITUATED IN REVERE IN
THE COUNTY OF SUFFOLK, BOUNDED, AND
DESCRIBED AS FOLLOWS:

COMMENCING AT THE POINT WHERE THE WESTERLY LINE OF LOT 259
INTERSECTS THE
NORTHERLY SIDE OF TOBIN AVENUE, THENCE RUNNING
NORTHWESTERLY ALONG SAID
NORTHERLY SIDE OF TOBIN AVENUE, FORTY (40) FEET; THENCE
RUNNING NORTHEASTERLY
ALONG REAR LINES OF LOTS 75-76-77-78, EIGHTY (80) FEET; THENCE
RUNNING
SOUTHEASTERLY, BUT MORE SOUTHERLY ALONG REAR LINE OF LOT
238, TWENTY AND
30/100 (20.30) FEET; THENCE RUNNING SOUTHEASTERLY ALONG REAR
LINE OF LOT 239,
NINETEEN AND 98/100 (19.98 FEET); THENCE RUNNING SOUTHWESTERLY
ALONG SAID
WESTERLY LINE OF LOT 259, SEVENTY-EIGHT AND 52/100 (78.52) FEET
TO THE POINT OF
BEGINNING.

BEING LOTS NOS. 260 AND 261, WITH THE BUILDINGS THEREON, ON THE
MAP ENTITLED
"PLAN OF RIVERSIDE, POINT OF PINES, REVERE, MASSACHUSETTS,
OWNED BY POINT OF
PINES TRUST, ALDEN A. MILLS, TRUSTEE, MAY, 1921," RECORDED WITH
THE SUFFOLK DEEDS
AT THE END OF BOOK 4580.

CONTAINING 3131 SQUARE FEET.

BEING THE SAME PREMISES CONVEYED TO ME BY DEED OF LINDA A.
ZOLLO JULY 1, 1993

RECORDED WITH SUFFOLK REGISTRY OF DEEDS IN BOOK 18339 PAGE 171.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENT, COVENANTS, OIL, GAS OR MINERAL
RIGHTS OF RECORD, IF ANY.

1280   6/2/2009   7571750O/1

EXHIBIT 8



Bk: 46848 Pg: 155    Doc: MTG
Page: 1 of 6    08/31/2010 10:53 AM

CITY OF REVERE

## HOME IMPROVEMENT LOAN PROGRAM

### MORTGAGE

THIS MORTGAGE (this "Mortgage") is made this 4ᵗʰ day of August, 2010 between the
mortgagor David & Peggy Turner_____ (herein "Borrower") whose address is__
_____23 Tobin Ave_____, Revere __, Massachusetts 0215 1, and the mortgagee
The City of Revere, 281 Broadway, Revere_____, Massachusetts 02151 (herein "Lender").

### Background and Granting Clause

_____Borrower is indebted to Lender in the principal sum of thirty one thousan fifteen And
00/100 Dollars ($3,00) (the "Loan") which indebtedness is evidence by Borrower's Promissory
Note of even date herewith (the "Note"), providing for repayment of the Loan under certain
conditions and providing for other conditions of the Loan.

TO SECURE to Lender the repayment under the Note and the performance of the
covenants and agreements of Borrower contained in this Mortgage and in the Loan Agreement of
even date between Borrower and Lender (the "Loan Agreement"), Borrower does hereby
mortgage, grant and convey to Lender, with MORTGAGE COVENANTS, upon the
STATUTORY CONDITION and with the STATUTORY POWER OF SALE the following
described property located in the County of SUFFOLK, Commonwealth of Massachusetts, which
has the address of 23 Tobin Ave_____, , Massachusetts 0215 (the
"Property Address"), as more particularly described on Exhibit A attached hereto;

TOGETHER with all the buildings and improvements now or hereafter erected on such
real property, and all fixtures, easements, rights, licenses, appurtenances and rents, all of which
shall be deemed to be and remain a part of the property covered by this Mortgage, and all of the
foregoing, together with said real property are hereinafter referred to as the "Property".

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and
has the right to mortgage, grant and convey the Property, and that the Property is unencumbered,
except for that certain mortgage by and between the Borrower and _Bank of America_
(the "Senior Mortgage"). Borrower warrants and covenants to defend generally the title to the
Property against all claims and demands, subject to encumbrances of record.

All rental units are subject to rental restrictions.

### Covenants

_____Borrower and Lender covenant and agree as follows:

1. **Repayment. A.** If I sell or transfer the Property before the fifteenth anniversary
of the Loan or if an Event of Default shall occur before the fifteenth anniversary of
the Loan, to pay to the order of the Lender or its designee an amount equal to the
original principal amount of the Loan reduced by one fifteenth or each full year
elapsed from the date of this Note until the date of such sale, transfer or Event of
Default. If I refinance the present first mortgage on the Property for less than or up

to the payoff then due for said first mortgage, the Lender will allow such a refinance, but only by way of a subordination agreement. <u>Prior Mortgages; Charges; Liens</u>. Borrower shall perform all of Borrower's obligations under the Senior Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage and leasehold payments or ground rents, if any.

The DPL ("Deferred Payment Loan") will be subordinate to existing conventional mortgages. The DPL will become due and payable if the property is refinanced for any reason other than a simple reduction in interest rate. Similarly, the loan will be due and payable if the property owner takes out a home equity loan subordinate to the primary mortgage. This provision may be waived if the home equity loan or refinancing is secured solely for the purpose of making further necessary repairs to improvements to the property. The loan shall also become immediately due and payable should the property owner fail to comply with the terms of the rental restriction agreement or with other provisions of the program and contract; including failure to pay real estate taxes or other municipal fees. A mortgage lien will be placed on the property upon issuance of a loan and will be recorded at the Registry of Deeds.

2.  <u>Hazard Insurance</u>. Borrower shall keep improvements now existing or hereafter erected on the Property insured against loss by fire, hazards, included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require, subject to the terms and conditions of the Senior Mortgage.

    All insurance policies and renewals thereof shall include a standard mortgage clause in favor of Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage or other security agreement with a lien, which has priority over this Mortgage.

    In the event of loss, Borrower shall give prompt notice to the insurance carrier and to Lender. Lender may make proof of loss if not made promptly by Borrower.

    If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, subject to the rights of the mortgage under the Senior Mortgage, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

3.  <u>Preservation and Maintenance of Property; Owner Occupied</u>. Borrower shall keep the Property in good repairs and shall not commit waste or permit impairment or deterioration of the Property. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents. Borrower shall not use the Property for other than his or her primary residence during the term of the Note.

Leasing of the Property shall not be permitted without the prior written consent of the Lender, which consent may be granted or withheld in the Lender's sole discretion.

4. <u>Protection of Lender's Security</u>. If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may disburse such sums, including reasonable attorney's fees, and take such actions as are necessary to protect Lender's interest, and any expenses so incurred by Lender shall be secured by this Mortgage.

5. <u>Inspection</u>. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

6. <u>Condemnation</u>. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender, subject to the terms and conditions of the Senior Mortgage.

7. <u>Borrower Not Released; Forbearance By Lender Not a Waiver</u>. Extension of the time for payment or modification of the conditions of the terms for payment of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

8. <u>Successors and Assigns Bound; Joint and Several Liability; Co-signers</u>. The Borrower's interest under the Note and this Mortgage may not be transferred, assigned, or assumed without the written consent of Lender. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower. All covenants and agreements or Borrower shall be joint and several.

9. <u>Notice</u>. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address, and (b) any notice to Lender shall be given by hand-delivery or certified mail to Lender's address stated herein or to such other address Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

10. <u>Governing Law; severability</u>. The laws of the Commonwealth of Massachusetts shall govern this Mortgage. The foregoing sentence shall not limit the applicability of Federal Law to this Mortgage. In the event that any provision or clause of this

Mortgage or the Note conflicts with applicable law, such conflict can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be sever able. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

11. Breach; Remedies. Subject to the terms and conditions of the Senior Mortgage, upon Borrower's breach of the STATUTORY CONDITION or any covenant or agreement of Borrower in the Note, the Loan Agreement or this Mortgage, including the covenant to pay when due any sums secured by this Mortgage, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 10 hereof specifying; (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale.

If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedy permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses, incurred in pursuing the remedies provided in this paragraph 12, including, but not limited to, reasonable attorneys' fees, all of which shall be secured by this Mortgage.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the prescribed by applicable law. Lender or Lender's designee may purchase the property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by any mortgage with a lien which has priority over this Mortgage; (c) to all sums secured by this Mortgage; and (d) the excess, if any, to the person or persons legally entitled thereto.

12. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, subject to the terms and conditions of the Senior Mortgage, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the Statutory Power of Sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower cures all breaches of any covenants or agreements of Borrower contained in the Note, the Loan Agreement and this Mortgage; (b) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage and in enforcing Lender's remedies as provided in paragraph 12 hereof, including, but not limited to, reasonable attorneys' fees; and (c) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired.

Upon such payment and cure by Borrower, the Note, the Loan Agreement, this Mortgage and the obligations secured hereby shall remain in full force and effect as if not acceleration had occurred.

13. <u>Release</u>. Upon the expiration of the term of the Note or upon proper payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without cost to Borrower. Borrower shall pay all costs or recordation, if any.

X _____     8-4-10
                                      Borrower

X _____
                                      Borrower


COMMONWEALTH OF MASSACHUSETTS
SUFFOLK County:ss                    2010
     On this 4th day of August ,200 before me personally
appeared_____ and acknowledged the foregoing to be
_____ free act and deed.

     _____
                                      Notary Public

                                      My commission expires:
                                      0 6/15/12

Bk: 46848 Pg: 160

Exhibit "A"

DEPARTMENT OF PLANNING
AND COMMUNITY DEVELOPMENT
281 Broadway
Revere, MA 02151

PREMISES: 23 Tobin Avenue, Revere, Massa

the land in
Certain Real Estate situated in Revere in the County of Suffolk, Bounded.
and Described as Follows: (Description and encumbrances, if any)

Commencing at the point where the Westerly Line of Lot 259 Intersects
the Northerly Side of Tobin Avenue, Thence running Northwesterly along
said Northerly side of Tobin Avenue, Forty (40) feet; Thence running
Northeasterly along rear lines of Lots 75-76-77-78, Eighty (80) feet;
Thence running Southeasterly, but more Southerly along rear line of Lot
238, Twenty and 30/100 (20.30) feet; Thence running Southeasterly along
rear line of Lot 239, Nineteen and 98/100 (19.98 Feet); Thence running
Southwesterly along said Westerly line of Lot 259, Seventy-Eight and
52/100 (78.52) Feet to the point of beginning.

Being Lots Nos. 260 and 261, with the buildings thereon, on the map
entitled "Plan of Riverside, Point of Pines, Revere, Massachusetts,
owned by Point of Pines Trust, Alden A. Mills, Trustee, May, 1921,"
Recorded with the Suffolk Deeds at the end of Book 4580.

Containing 3131 Square Feet.

Being the same premises conveyed to me by Deed of Linda A. Zullo
July 1, 1993 Recorded with Suffolk Registry of Deeds in Book 18339
Page 171.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19-0649F | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Bank of America, N.A. | COUNTY Suffolk |
|---|---|---|
| ADDRESS: | 7105 Corporate Drive, Plano, TX 73024-4100 | |

DEFENDANT(S): Peggy C. Turner, et al

Please see attached Civil Action Cover Sheet Addendum

| ATTORNEY: | Casey McCaffrey, Esq. | |
|---|---|---|
| ADDRESS: | Guaetta & Benson, LLC | ADDRESS: 23 Tobin Avenue, Revere, MA 02151 |
| P.O. Box 519, Chelmsford, MA 01824 | | Please see attached Civil Action Cover Sheet Addendum |
| BBO: | 690407 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. A14 | TYPE OF ACTION (specify) Interpleader | TRACK F | HAS A JURY CLAIM BEEN MADE? ☐ YES ☒ NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................... $ N/A
2. Total doctor expenses ............................................................................. $ N/A
3. Total chiropractic expenses .................................................................... $ N/A
4. Total physical therapy expenses ............................................................ $ N/A
5. Total other expenses (describe below) ................................................... $ N/A
                                                             Subtotal (A): $ N/A

B. Documented lost wages and compensation to date ................................ $ N/A
C. Documented property damages to dated ............................................... $ N/A
D. Reasonably anticipated future medical and hospital expenses .............. $ N/A
E. Reasonably anticipated lost wages ....................................................... $ N/A
F. Other documented items of damages (describe below) .......................... $ N/A

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                             TOTAL (A-F):$ N/A

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Action to determine rightful benefactor of surplus funds following foreclosure sale of a certain real property.

                                                             TOTAL: $ 53,265.56

Signature of Attorney/Pro Se Plaintiff: X _____     Date: 2/27/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____     Date: 2/27/19

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

# Civil Action Cover Sheet
## Addendum

1. Peggy C. Turner
   23 Tobin Avenue
   Revere, MA 02151

2. Estate of David R. Turner
   23 Tobin Avenue
   Revere, MA 02151

3. Secretary of Housing and Urban
   Development
   c/o Single Family Notes Branch
   2 West 2nd Street, Suite 400
   Tulsa, OK 74103

4. Secretary of Housing and Urban
   Develoment
   c/o Novad Management Consulting
   Shepard's Mall
   2401 NW 23rd Street, Suite 1A1
   Oklahoma City, OK 73107

5. Secretary of Housing and Urban
   Development
   451 7th Street, S.W.
   Washington, DC 20410

6. City of Revere
   Department of Planning and
   Community Development
   281 Broadway
   Revere, MNA 02151

7. United States of America – Internal
   Revenue Service
   a. Internal Revenue Service
      New England Advisor
      380 Westminster Street, 4th Floor
      Providence Rhode Island 02903

   b. United States Attorney
      United States Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210

   c. U.S. Department of Justice – Tax
      Division
      Ben Franklin Station
      Washington, DC 20044

8. Commonwealth of Massachusetts –
   Department of Revenue

   a. Massachusetts Department of
      Revenue
      19 Staniford Street
      Boston, MA 02114

   b. Massachusetts Department of
      Revenue
      200 Arlington Street
      Chelsea, MA 02150

   c. Massachusetts Department of
      Revenue – Legal Division
      100 Cambridge Street
      Boston, MA 02114

**3**

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO: 1984-CV-00649-F**

BANK OF AMERICA, N.A.,       )
                **Plaintiff,**  )
                               )
                               )
**v.**  )
                               )
**PEGGY C. TURNER, ESTATE OF**  )
**DAVID R. TURNER, SECRETARY OF**  )
**HOUSING AND URBAN DEVELOPMENT,**  )
**And THE CITY OF REVERE,**  )
                **Defendants.**  )
                               )
**THE UNITED STATES OF AMERICA**  )
**and THE COMMONWEALTH OF**  )
**MASSACHUSETTS,**  )
                **Interested Parties.**  )
                               )

*(court date stamp: 2019 MAR 27 P 1:42)*

## AFFIDAVIT OF WILLIAM A. ASH

I, William A. Ash, do hereby depose and state the following:

1.    I am the Deputy Director of the Office of Strategic Planning & Economic Development for the City of Revere.  I submit this affidavit in support of the accompanying City of Revere's Answer to the Mortgagee's Complaint for Interpleader.

2.    I have been with the Office of Strategic Planning & Economic Development for approximately forty years, and have been Deputy Director for thirty years.  The Office is located at 281 Broadway, Revere, MA.  As Deputy Director, I am responsible for administering all federal and state grants including all housing rehabilitation grants, loans, deferred payment loans.   I am also responsible for the servicing of the loans.   .

3.    According to the allegations of and documents attached to the Complaint, as well as the City's own records, the City of Revere, through its Department of Planning & Community Development, granted to David and Peggy Turner of 23 Tobin Avenue, Revere, MA, a fifteen year Home Improvement Loan in the amount of $31,000.00.  The City of Revere is the holder of a mortgage for this loan dated August 4, 2010, and recorded on August 31, 2010, with the Suffolk County Registry of Deeds in Book 46848, Page 155.

4. As set forth in the covenants of said mortgage, if the property is sold or transferred before the fifteenth anniversary of the loan or in the event of a default before the fifteenth anniversary of the loan, the original principle amount of the loan, reduced by one fifteenth for each full year elapsed from the date of the note until the date of transfer, sale, or default, is due the City of Revere.

5. Since seven years elapsed from the date of the note until the date of the foreclosure sale on September 21, 2017, as alleged in the Complaint, the City of Revere is entitled to $16,533.36 ($31,000.00 minus $14,666.69 (7/15ths of $31,000.00)) of the surplus funds from the foreclosure sale.

Signed under the penalties of perjury this 25th day of March, 2019.

_____
William A. Ash

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
First Asst. Clerk

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV00649

Bank of America, N.A. , PLAINTIFF(S),

v.

Peggy C. Turner, et al , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO City of Revere – Dept of Planning
and Community Development (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Boston, MA 02108 (address), by mail or in person, **AND** Superior Square, 12th Fl

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA 01824

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest 3/16/19

Deputy Sheriff Suffolk County



# COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT

SUFFOLK, SS                                     **SUPERIOR COURT DEPARTMENT**
                                                **CIVIL ACTION No. 1984CV00649F**

BANK OF AMERICA, N.A.,                           )
      **Plaintiff**                             )
                                                 )
v.                                               )
                                                 )
PEGGY C. TURNER AND ESTATE OF DAVID R. TURNER    )
SECRETARY OF HOUSING AND URBAN DEVELOPMENT       )
AND THE CITY OF REVERE,                          )
      **Defendants.**                          )
THE UNITED STATES OF AMERICA AND                 )
THE COMMONWEALTH OF MASSACHUSETTS,               )
      **Interested Parties.**                  )
                                                 )

## ANSWER OF THE
## COMMONWEALTH OF MASSACHUSETTS

Now comes, Christopher C. Harding, as he is Commissioner of Revenue

("Commissioner"), of the Department of Revenue of the Commonwealth of Massachusetts (the

"Commonwealth"), a Defendant in the above-captioned action and answers the Plaintiff's

Complaint's as follows.

UNNUMBERED FIRST PARAGRAPH

To the extent the Unnumbered First Paragraph states a conclusion of law no answer is

required.  To the extent the Unnumbered First Paragraph may present any statement of facts, the

Commonwealth lacks sufficient information and belief to admit the facts alleged in the

Unnumbered First Paragraph and calls upon the Plaintiff to prove the same to the extent relevant

and therefore they are denied.

1.      To the extent Paragraph 1 states a conclusion of law no answer is required.  To the extent

Paragraph 1 may present any statement of facts, the Commonwealth lacks sufficient information

and belief to admit the facts alleged in paragraph 1 and calls upon the Plaintiff to prove the same

to the extent relevant and therefore they are denied.

2.      Admitted that Peggy C. Turner is a natural person.  Further answering, on information

and belief, Ms. Turner may reside at 30 Dunster Road, Bedford, MA  01730-1703.  The

Commissioner lacks sufficient information and belief to admit the remaining facts alleged in

paragraph 2 and calls upon the Plaintiff to prove the same to the extent relevant and therefore

they are denied.

3.      Admitted.

4.      The Commissioner lacks sufficient information and belief to admit the facts alleged in

paragraph 4 and calls upon the Plaintiff to prove the same to the extent relevant and therefore

they are denied.

5.      Admitted.

6.      The Commissioner lacks sufficient information and belief to admit the facts alleged in

paragraph 6 and calls upon the Plaintiff to prove the same to the extent relevant and therefore

they are denied.

7.      Admitted.  Further answering, the Commissioner has no record of a Massachusetts estate

tax return having been filed for the Estate of David R. Turner.

8.      Admitted.

9.      Admitted.

10.     Admitted that the assignment of mortgage is recorded in the Suffolk Registry of Deeds.

Commissioner lacks sufficient information and belief to admit the remaining facts alleged in

paragraph 10 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

11.     Admitted that the assignment of mortgage is recorded in the Suffolk Registry of Deeds. Commissioner lacks sufficient information and belief to admit the remaining facts alleged in paragraph 11 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

12.     Admitted that the foreclosure deed is recorded in the Suffolk Registry of Deeds. Commissioner lacks sufficient information and belief to admit the remaining facts alleged in paragraph 12 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

13.     The Commissioner lacks sufficient information and belief to admit the facts alleged in paragraph 13 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

14.     The Commissioner lacks sufficient information and belief to admit the facts alleged in paragraph 14 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

15.     Admitted that the liens are recorded in the Suffolk Registry of Deeds.  To the extent Paragraph 15 states a conclusion of law no answer is required.  To the extent Paragraph 15 may present any additional statement of facts, the Commonwealth lacks sufficient information and belief to admit the facts alleged in paragraph 15 and calls upon the Plaintiff to prove the same to the extent relevant and therefore they are denied.

16.     Admitted.

WHEREFORE, the Commissioner respectfully requests that the Court:

1. Ensure the priority of interests of the parties to this action;

2. Ensure that no attorney's fees or costs be awarded to the Plaintiff which would adversely affect the interest of the Commissioner and

3. Determine such other relief as it deems appropriate.

Service of papers in this matter should be made upon John J. Connors, Jr. at the address below.

COMMONWEALTH OF MASSACHUSETTS
by and through CHRSTOPHER C. HARDING,
COMMISSIONER OF THE
DEPARTMENT OF REVENUE
FOR THE COMMONWEALTH
OF MASSACHUSETTS

By his attorneys,

MAURA HEALEY
MASSACHUSETTS ATTORNEY GENERAL

KEVIN W. BROWN
Special Assistant Attorney General
John J. Connors, Jr.
Counsel to the Commissioner
Litigation Bureau
Department of Revenue
P.O. Box 9565
100 Cambridge Street, 7th Floor
Boston, MA  02114-9565
Phone  (617) 626-3219
Fax     (617) 626-3245
connors@dor.state.ma.us
BBO# 552409

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

Date: 4/5/2009

Docs# 542701JC

4

## CERTIFICATE OF SERVICE

I, John J. Connors, Jr., hereby certify that I have served a copy of the attached Answer of

the Commonwealth of Massachusetts upon:

Peggy C. Turner
30 Dunster Road
Bedford, MA  01730-1703

Secretary of Housing and
Urban Development
c/o Single Family Note Branch
2 West 2nd Street, Suite 400
Tulsa, OK  74103

Secretary of Housing and
Urban Development
451 7th Street, SW
Washington, DC  20401

United States of America
Internal Revenue Service
New England Advisor
380 Westminster Street, 4th Floor
Providence, RI  02903

U.S. Department of Justice
Tax Division
Ben Franklin Station
Washington, DC  20044

Estate of David R. Turner
30 Dunster Road
Bedford, MA  01730-1703

Secretary of Housing and
Urban Development
c/o Novad Management Consulting
Shepard's Mall
2401 NW 23rd Street, Suite 1A1
Oklahoma City, OK  73107

City of Revere
Department of Planning and
Community Development
281 Broadway
Revere, MA  02151

United State Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210

Casey McCaffery, Esq.
Guaetta & Benson, LLC
73 Princeton, Street, Suite 208
North Chelmsford, MA  01863

by first class mail, postage prepaid.

John J. Connors, Jr.
Counsel to the Commissioner
BBO # 552409

Date: 4/5/2019

Docs# 542710JCJC

4A

## AFFIDAVIT OF SERVICE

| Case: 1984CV00649F | Court: Suffolk County Superior Court-Civil | County: Suffolk, MA | Job: 3222453 |
|---|---|---|---|
| Plaintiff / Petitioner: Bank of America, N.A. | | Defendant / Respondent: Peggy C. Turner, et al. | |
| Received by: CPI - Columbia Process and Investigative Services LLC | | For: Guaetta and Benson, LLC | |
| To be served upon: Secretary of Housing and Urban Development | | | |

I, Kyle Davis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Secretary of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20024

Manner of Service:

Documents:   Summons, Complaint, Etc, See Service Documents Before Filing

Additional Comments:
On April 17, 2019 at 1:44 pm, I Served the Recipient by Serving Leslie Hardy, Paralegal. Ms. Hardy is a black female, black hair, 5'6", 165 pounds, 35 years old.

_____     5/10/19
Kyle Davis                  Date

CPI - Columbia Process and Investigative Services LLC
5406 Connecticut Avenue, N.W. Suite 108
Washington, DC 20015
202 834 5924

Subscribed and sworn to before me by the affiant who is personally known to me

_____
Notary Public
5/10/19        01/31/2028
Date           Commission Expires

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
First Asst. Clerk

YVONNE HEYLIGER
NOTARY
Exp. - 01/31/24
PUBLIC
DISTRICT OF COLUMBIA

2019 MAY 17 A 10: 23

2019.
0649

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.   1984CV00649

Bank of America, N.A.   , PLAINTIFF(S),

v.

Peggy C. Turner, et al   , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO ___Secretary of Housing and Urban Development___. (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior   Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   How to Respond.  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a.   Filing your **signed original response** with the Clerk's Office for Civil Business, Suffolk   Court, 3 Pemberton Boston, MA 0210&(address), by mail or in person, **AND**   Superior   Square, 12th Fl

   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Casey McCaffrey, Esq.,Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA   01824

3.   What to include in your response.  An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on_____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___       Signature: _____

**N.B.     TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

/05-24/

NOTIFY 5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO: 1984CV00649

Bank of America, N.A.
        Plaintiff,
v.

Peggy C. Turner
and
Estate of David R. Turner
and
Secretary of Housing and Urban Development
and
The City of Revere
        Defendants.

The United States of America
and
The Commonwealth of Massachusetts,
        Interested Parties.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Notified 05-24-19 (NJ)
- G.$B/C.R.M.
- MDR/J.J.C.

2019 MAY 20 A 9:52
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR COURT

**PLAINTIFF'S EMERGENCY MOTION TO EXTEND DEADLINE TO FILE RETURN
OF SERVICE FOR INTERESTED PARTY, THE UNITED STATES OF AMERICA-
DEPARTMENT OF JUSTICE (TAX DIVISION)**

NOW COMES Plaintiff, Bank of America, N.A. (hereinafter "Plaintiff"), by and through
its undersigned counsel, and hereby moves this Honorable Court to extend the deadline for
Plaintiff to file a Return of Service for Interested Party, The United States of America from
Tuesday, May 28, 2019 to Friday, June 28, 2019.  In support of this Motion, Plaintiff states as
follows:

1. Plaintiff filed this action on February 27, 2019.

2. Plaintiff's current deadline to file Returns of Service for all Defendants and Interested
Parties is Tuesday, May 28, 2019.

SUFFOLK, ss.        SUPERIOR COURT DEPT.
(date) ___May 23, 2019___
ALLOWED BY THE COURT.
        (    Ames   ,J.)
ATTEST: _____
              Assistant Clerk

1

3. Plaintiff has successfully completed service on all Defendants and the other Interested Party except for The United States of America – Department of Justice (Tax Division) (hereinafter "the DOJ") and has filed said Returns of Service with the Court.

4. On or about April 20, 2019, Plaintiff attempted to serve the DOJ; however, Plaintiff was unable to complete service as it learned the address it used for the DOJ is no longer valid.

5. Consequently, Plaintiff needs additional time to serve the DOJ and has obtained the correct address to do so.

WHEREFORE, Plaintiff respectfully requests that the Court extend Plaintiff's deadline to file the Returns of Service for all Defendants from Tuesday, May 28, 2019 to Friday, June 28, 2019.

Dated: May 17, 2019

Respectfully submitted,
Bank of America, N.A.

By its Attorneys,

Casey McCaffrey, Esq.
BBO# 690407
GUAETTA & BENSON, LLC
73 Princeton Street, Suite 208
North Chelmsford, MA 01863
(978) 250-0999 – Tel.
(978) 250-4979 – Fax

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
First Asst. Clerk

<u>CERTIFICATE OF SERVICE</u>

    The undersigned certifies the foregoing Emergency Motion by Plaintiff to Extend Deadline to File Return of Service for Interested Party, The United States of America – Department of Justice (Tax Division) was served via first-class mail, unless otherwise noted this 17th day of May, 2019, upon the following:

_____
Casey McCaffrey, Esq.
BBO#690407

Peggy C. Turner
23 Tobin Avenue
Revere, MA 02151

Estate of David R. Turner
23 Tobin Avenue
Revere, MA 02151

Peggy C. Turner
30 Dunster Road
Bedford, MA 01730

Estate of David R. Turner
30 Dunster Road
Bedford, MA 01730

Secretary of Housing and Urban Development
c/o Single Family Notes Branch
110 W 7th Street, Suite 1110
Tulsa, OK 74119

Secretary of Housing and Urban Development
c/o Novad Management Consulting
Shepard's Mall
2401 NW 23rd Street, Suite 1A1
Oklahoma City, OK 73107

Secretary of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410

City of Revere
Department of Planning
and Community Development
281 Broadway
Revere, MA 02151

The United States of America
Internal Revenue Service
New England Advisor
380 Westminster Street, 4th Floor
Providence, RI 02903

United States of America – IRS
United States Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

U.S. Department of Justice – Tax Division (VIA Overnight UPS Mail)
Ben Franklin Station
950 Pennsylvania Avenue, NW
Washington, DC 20530

Massachusetts Department of Revenue
19 Staniford Street
Boston, MA 02114

Commonwealth of Massachusetts
Department of Revenue
200 Arlington Street
Chelsea, MA 02150

Commonwealth of Massachusetts
Department of Revenue – Legal Division
100 Cambridge Street
Boston, MA 02114

**6**

# Commonwealth of Massachusetts

SUFFOLK, SS.                                          TRIAL COURT OF THE COMMONWEALTH
                                                     SUPERIOR COURT DEPARTMENT
                                                     CIVIL DOCKET NO.   1984CV00649

Bank of America, N.A. , PLAINTIFF(S),
_____

v.

Peggy C. Turner, etal , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO  Estate of David R.Turner . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior    Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.    **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.    How to Respond.  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

  a.   Filing your signed original response with the Clerk's Office for Civil Business, Suffolk   Court, 3 Pemberton Boston, MA 02108(address), by mail or in person, AND    Superior    Square, 12th Floor

  b.   Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA 01824

3.    What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic
     information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the
     case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss.
     You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20_____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the
summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**Middlesex Sheriff's Office** • Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 • (617) 547-1171

*Middlesex, ss.*

April 23, 2019

I hereby certify and return that on 4/23/2019 at 11:36 AM I served a true and attested copy of the SUMMONS, COMPLAINT,
CIVIL ACTION COVER SHEET, TRACKING ORDER, EXHIBITS in this action in the following manner: To wit, by leaving at the
last and usual place of abode of ESTATE OF DAVID R TURNER, 30 DUNSTER RD BEDFORD, MA 01730 . Fees: Attest ($5.00)
Basic Service Fee ($20.00) Postage and Handling ($1.00) Travel ($10.24) Total: $36.24

*Art Keriakos*

ARTHUR KERIAKOS

_____

*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

First Asst. Clerk

## AFFIDAVIT OF SERVICE

| Case: 1984CV00649 | Court: TRIAL COURT OF THE COMMONWEALTH SUPERIOR COURT DEPARTMENT | County: , MA | Job: 3164095 |
|---|---|---|---|
| Plaintiff / Petitioner: BANK OF AMERICA, N.A. | | Defendant / Respondent: PEGGY C. TURNER, et al. | |
| Received by: WEST WAY LLC | | For: GUAETTA AND BENSON, LLC | |
| To be served upon: SECRETARY OF HOUSING AND URBAN DEVELOPMENT c/o SINGLE FAMILY NOTES BRANCH | | | |

I, CURTIS WEST (PSS-16-19), being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** LYN LARSON, AUTHORIZED AGENT, 110 W 7TH ST STE 1110, TULSA, OK 74119

**Manner of Service:** Government Agency, Mar 21, 2019, 2:05 pm CDT

**Documents:** SUMMONS WITH COMPLAINT

**Additional Comments:**

_____        3-21-2019
CURTIS WEST (PSS-16-19)        Date

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

3/21/19
Date        Commission Expires

2014.
0649

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __1984CV00649__

<u>Bank of America, N.A.</u>, PLAINTIFF(S),

v.

<u>Peggy C. Turner, et al</u>, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Estate of David R.Turner__. (Defendant's name)

<u>You are being sued.</u>  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the <u>Suffolk Superior</u> Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   <u>**You must respond to this lawsuit in writing within 20 days.**</u> If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   How to Respond.  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a.   Filing your **signed original response** with the Clerk's Office for Civil Business, <u>Suffolk</u> Court, 3 Pemberton Boston, MA 02108 (address), by mail or in person, **AND**    Superior    Square, 12th Fl
   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: <u>Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford</u>

3.   What to include in your response.  An "Answer" is one type of response to a Complaint. Your Answer   MA 01824 must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

March 19, 2019

I hereby certify and return that on 3/16/2019 at 2:52 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by leaving at the last and usual place of abode of Estate of David R. Turner at 23 Tobin Avenue, Revere, MA 02151 and by mailing 1st class to the above address on 3/18/2019. In this service hereof it was necessary and I actually used a motor vehicle 10 miles.   Attest/Copies ($10.00) Basic Service Fee (LU) ($20.00) Conveyance ($3.00) Postage and Handling ($3.00) Travel ($6.40) Total: $42.40

Deputy Sheriff Thomas F.  Lee

*Thomas Lee*

_____
*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

*8*

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. ___1984CV00649___

Bank of America, N.A.
_____, PLAINTIFF(S),

v.

Peggy C. Turner, et al ___, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _____ Peggy C. Turner _____. (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk__ Court, 3 Pemberton Boston, MA 02108 (address), by mail or in person, AND    *Superior*    Square, 12th Fl
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer   MA 01824 must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

**March 19, 2019**

I hereby certify and return that on 3/16/2019 at 2:52 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by leaving at the last and usual place of abode of Peggy C. Turner, at 23 Tobin Avenue, Revere, MA 02151 and by mailing 1st class to the above address on 3/18/2019.  Attest/Copies ($10.00) Basic Service Fee (LU) ($20.00) Postage and Handling ($3.00) Total: $33.00

Deputy Sheriff Thomas F.  Lee

*Thomas Lee*
_____
*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:_____
First Asst. Clerk

*9*

# Commonwealth of Massachusetts

SUFFOLK, SS.                                    TRIAL COURT OF THE COMMONWEALTH
                                               SUPERIOR COURT DEPARTMENT
                                               CIVIL DOCKET NO.  1984CV00649

Bank of America, N.A.        , PLAINTIFF(S),

v.

Peggy C.Turner, et al        , DEFENDANT(S)

                              SUMMONS   Commonwealth of Massachusetts
                    Massachusetts Department
THIS SUMMONS IS DIRECTED TO   of Revenue  - Legal Division   . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Suffolk Superior  Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
    the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
    opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
    to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
    extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
    copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, _Suffolk_ Court,  3 Pemberton
        Boston, MA 02108 (address), by mail or in person, **AND**                Superior      Square, 12th Fl
    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following
        address: Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA
                                                                                              01824

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer
    must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
    Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
    use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
    based on the same facts or transaction described in the Complaint, then you must include those claims
    in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
    lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
    Answer or in a written demand for a jury trial that you must send to the other side and file with the
    court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
    "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion
    to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
    you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
    described in the rules of the Court in which the complaint was filed, available at
    www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, SS.*

April 12, 2019

I hereby certify and return that on 4/2/2019 at 12:45 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Tim LaBlanc, agent and person in charge at the time of service for Commonwealth of Massachusetts Department of Revenue- Legal Division, at 100 Cambridge Street Boston, MA 02114 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff   Robert Foscaldo

_____

*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

First Asst. Clerk

*10*

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __1984CV00649__

__Bank of America, N.A.__ , PLAINTIFF(S),

v.

__Peggy C. Turner, et al__ , DEFENDANT(S)

SUMMONS   Commonwealth of Massachusetts
Massachusetts Department
THIS SUMMONS IS DIRECTED TO _of Revenue_____ . (Defendant's name)

__You are being sued.__  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. __You must respond to this lawsuit in writing within 20 days.__ If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond.  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk_ Court, 3 Pemberton Boston, MA 02108 (address), by mail or in person, **AND** Superior Square, 12th Fl
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA 01824_

3. What to include in your response.  An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons,
~~the defendant named in this summons, in the~~



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

March 20, 2019

I hereby certify and return that on 3/15/2019 at 2:18 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Dan Eollis, Agent, agent and person in charge at the time of service for Commonwealth of Massachusetts  Department of Revenue 200 Arlington Street Chelsea, MA 02150. In this service hereof it was necessary and I actually used a motor vehicle 8 miles. Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($2.40) Postage and Handling ($1.00) Travel ($5.12) Total: $43.52

Deputy Sheriff  Thomas F. Lee

*Thomas Lee*

_____
Deputy Sheriff

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
First Asst. Clerk

*11*

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV00649

Bank of America, N.A.     , PLAINTIFF(S),

v.

Peggy C. Turner, et al    , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO  City of Revere - Dept ofPlanning
_____ (Defendant's name)
                              and Community Development
**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior   Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a.  Filing your **signed original response** with the Clerk's Office for Civil Business, Suffolk   Court, 3 Pemberton Boston, MA 02108 (address), by mail or in person, **AND**                       Square, 12th Fl

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer    01824 must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons,



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

March 20, 2019

I hereby certify and return that on 3/18/2019 at 1:26 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by delivering in hand to John Squibb, agent and person in charge at the time of service for City of Revere - Department of Planning and Community Development 281 Broadway Revere, MA 02151 . In this service hereof it was necessary and I actually used a motor vehicle 10 miles.  Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($3.00) Postage and Handling ($1.00) Travel ($6.40) Total: $45.40

Deputy Sheriff  Thomas F. Lee

*Thomas Lee*

*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 . THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

First Asst. Clerk

# Commonwealth of Massachusetts

*12*

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.   1984CV00649

Bank of America, N.A. PLAINTIFF(S),

v.

Peggy C. Turner, et al, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO   Peggy C. Turner   . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the   Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business,  Suffolk  Court,  3 Pemberton  Boston, MA  (address), by mail or in person, **AND**  Superior  Square, 12 Floor
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address:  Casey McCaffrey, Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA 01824

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

**Middlesex Sheriff's Office** • Civil Division, P.O. Box 410180, Cambridge, MA 02141-0002 • (617) 547-1171

*Middlesex, ss.*

April 23, 2019

I hereby certify and return that on 4/23/2019 at 11:36 AM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER, EXHIBITS in this action in the following manner: To wit, by leaving at the last and usual place of abode of PEGGY C TURNER, 30 DUNSTER RD BEDFORD, MA 01730 . Fees: Attest ($5.00) Basic Service Fee ($20.00) Postage and Handling ($1.00) Travel ($10.24) Conveyance ($3.30) Total: $39.54

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

*Art Keriakos*

ARTHUR KERIAKOS

*Deputy Sheriff*

## AFFIDAVIT OF SERVICE

*13*

| Case:<br>1984CV00649 | Court:<br>TRIAL COURT OF THE COMMONWEALTH<br>SUPERIOR COURT DEPARTMENT | County:<br>, MA | Job:<br>3173543 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>BANK OF AMERICA, N.A. | | Defendant / Respondent:<br>PEGGY C. TURNER, et al. | |
| Received by:<br>West Way LLC | | For:<br>GUAETTA AND BENSON, LLC | |
| To be served upon:<br>SECRETARY OF HOUSING AND URBAN DEVELOPMENT | | | |

I, Jeffrey Cox (PSS-17-84), being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   NOVAD MANAGEMENT CONSULTING C/O ALISHA BROOKS, AUTHORIZED
AGENT, 2401 NW 23RD ST SUITE 1A1, OKLAHOMA CITY, OK 73107

**Manner of Service:**   Business, Mar 15, 2019, 2:42 pm CDT

**Documents:**   SUMMONS WITH COMPLAINT

**Additional Comments:**

_____   3-18-2019
Jeffrey Cox (PSS-17-84)         **Date**

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
**Notary Public**

**3/18/19**
**Date**            **Commission Expires**

C. WEST
NOTARY
# 06005777
EXP. 06/13/22
PUBLIC
STATE OF OKLAHOMA

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019     , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

Suffolk
2019.
0649

*14*

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV00649

Bank of America, N.A. , PLAINTIFF(S),

v.

Peggy C. Turner, et al , DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO ___ United States of America-IRS ___ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the __Suffolk Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
   the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
   opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect
   to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an
   extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a
   copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, __Suffolk__ Court, 3 Pemberton
   Boston, MA 02108 (address), by mail or in person, **AND**                        Square, 12th Fl
   b. Delivering or mailing a *copy* of your response to the Plaintiff's Attorney/Plaintiff at the following
   address: Casey McCaffrey,Esq., Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer     01824
   must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
   Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
   use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
   based on the same facts or transaction described in the Complaint, then you must include those claims
   in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
   lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
   Answer or in a written demand for a jury trial that you must send to the other side and file with the
   court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a
   **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion
   to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If
   you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
   described in the rules of the Court in which the complaint was filed, available at
   www.mass.gov.courts/case-legal-res/rules of court.

4.   **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ 3/15 , 20 19, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____ Agent — James Marsh _____

_____

Dated: _____ 3/15 , 20 19        Signature: *Of #25 Rhode Island Sheriffs*

N.B.        TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
First Asst. Clerk

3/15/19

*15*

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  1984CV00649

Bank of America, N.A. , PLAINTIFF(S),

v.

Peggy C. Turner, et al , DEFENDANT(S)

### SUMMONS

United States of America - Internal Revenue Service
THIS SUMMONS IS DIRECTED TO  United States Attorney  . (Defendant's name)

**You are being sued.**  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the  Suffolk Superior  Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

    a.  Filing your **signed original** response with the Clerk's Office for Civil Business,  Suffolk  Court, 3 Pemberton
Boston, MA 02108 (address), by mail or in person, **AND**    Superior    Square, 12th Fl

    b.  Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Casey McCaffrey, Esq.,  Guaetta and Benson, LLC, P.O. Box 519, Chelmsford, MA
01824

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.  **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

_Michael Joseph Donovan_
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons,
~~complaint in this action, on the defendant named in this summons, in the~~



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

_Suffolk, ss._

I hereby certify and return that on 3/27/2019 at 1:00 PM I served a true and attested copy of the Summons, Complaint, Cover Sheet, Exhibits, and Tracking Order in this action in the following manner: To wit, by delivering in hand to Julie Kanner, Admin Assistant, agent and person in charge at the time of service for United States of America - Internal Revenue Service, at United States Attorney, United States Courthouse 1 Courthouse Way Suite 9200 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00          April 1, 2019

Deputy Sheriff    Terrance Williams

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 . THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
First Asst. Clerk

_Terrance William_
_Deputy Sheriff_

**16**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 1984CV00649

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) |
| v. | ) |
| PEGGY C. TURNER ET AL., | ) |
| Defendants, | ) |
| THE UNITED STATES OF AMERICA, ET AL., | ) |
| Interested Parties. | ) |

## ANSWER OF UNITED STATES OF AMERICA ON BEHALF OF U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT TO MORTGAGEE'S/PLAINTIFF'S COMPLAINT FOR INTERPLEADER

The United States, on behalf of its department, the Department of Housing and

Urban Development ("HUD"), hereby files its answer to the Plaintiff's complaint for

interpleader (mortgage foreclosure surplus proceeds) (the "Complaint").[1]  The United

States answers the numbered paragraphs of the complaint as follows:

---

[1]    The United States' Answer is timely under 28 U.S.C. § 2410, which provides the United States with sixty days after proper service of the summons and complaint to file a responsive pleading in certain actions in the State courts involving interests in real property, including suits for "interpleader or in the nature of interpleader." 28 U.S.C. § 2410.  Section 2410(b) requires that a copy of the "process and complaint" be sent to both  "the United States attorney for the district in which the action is brought ..." and "the Attorney General of the United States at Washington, District of Columbia."  The plaintiff has not served the Attorney General of the United States and the United States expressly reserves the right to raise any objections based upon this defective service.

1

## **INTRODUCTION**

The allegations in the introduction to the Complaint are legal conclusions to which no response is required.  To the extent an answer is deemed required, the United States denies the allegations.

## **PARTIES**

1.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

2.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

3.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

4.  The United States admits that one of HUD's programs administers Federal aid to local housing agencies that manage the housing for the low-income residents.

4a.  The United States denies that HUD currently has an office located at 2 West 2nd Street, Suite 400, Tulsa, OK  74103.

4b.  The United States admits this allegation.

4c.  The United States admits this allegation.

5.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

2

6a. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

6b. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

6c. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

7a.-7c. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

## **INTERPLEADER AND COMPLAINT FOR RELIEF**

8. The referenced Deed speaks for itself. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

9. The referenced Mortgage speaks for itself. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

10. The referenced Assignment speaks for itself. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

11. The referenced Assignment speaks for itself. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

12. The referenced Foreclosure Deed speaks for itself. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

13. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

14. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

15a. The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation. To the extent an answer is deemed required, the United States denies the allegations.

15b. The United States admits this allegation and asserts that the United States has an interest in this action by virtue of this mortgage held by HUD and recorded on June 10, 2009, securing the subordinate note executed by the defendants, Peggy C. Turner and David R. Turner, upon which there remains a balance of $17,611.66, as reflected in HUD's certificate of indebtedness attached hereto and incorporated herein as Exhibit A. A conformed copy of HUD's subordinate mortgage and a copy of HUD's subordinate note are also included in Exhibit A.

4

15c.  The referenced City of Revere mortgage speaks for itself.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

16a.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

16b.  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.  To the extent an answer is deemed required, the United States denies the allegations.

17.  The relief requested by the Plaintiff following Paragraph 16b constitutes the Plaintiff's prayer for relief, and accordingly requires no response.  To the extent an answer is deemed required, the Defendant avers that the Plaintiff is not entitled to the relief requested.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted as to the defendant, Secretary of HUD, as neither HUD nor its Secretary are the proper party in a suit to determine the interests of the United States.  The United States is the only proper party pursuant to 28 U.S.C. § 2410(a).

## SECOND DEFENSE

The plaintiff has failed to provide an itemized accounting of the disposition of the foreclosure sale proceeds, including but not limited to, the sale price, legal fees,

auctioneer fees, publication costs and other fees, and any surplus due, as required by M.G.L. ch. 183, § 27.

WHEREFORE, the United States, on behalf of HUD, respectfully requests the following:

1.  That the United States be substituted for HUD as a party to the suit;

2.  That this Court determine the rights, title and interest of the parties, including the United States on behalf of HUD, to the surplus funds involved and that the funds be distributed accordingly; and

3.  That the defendant, United States, have such other and further relief as this Court deems just and proper, including its costs.

Respectfully submitted,

UNITED STATES OF AMERICA,
ON BEHALF OF DEFENDANT
UNITED STATES DEPARTMENT
OF HOUSING AND URBAN
DEVELOPMENT

By its attorneys

ANDREW E. LELLING
United States Attorney

CAROL HEAD (BBO 652170)
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3213
carol.head@usdoj.gov

Date:  May 24, 2019                    By:

I HEREBY ATTEST AND CERTIFY ON
June  19,  2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

6

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by certified mail upon

the following parties at the addresses contained below:

> Bank of America, N.A.
> c/o Casey Ryder McCaffrey, Esq.
> Guaetta and Benson, LLC
> 73 Princeton St
> Suite 208
> North Chelmsford, MA  01863

> Peggy C. Turner
> 23 Tobin Avenue
> Revere, MA 02151

> Estate of David R. Turner
> 23 Tobin Avenue
> Revere, MA 02151

> City of Revere
> Department of Planning and
> Community Development
> 281 Broadway
> Revere, MA 02151

> Massachusetts Commissioner of Revenue
> c/o John J. Connors, Jr., Esq.
> Massachusetts Dept. of Revenue, Litigation Bureau
> 100 Cambridge St., 7th Floor
> PO Box 9565
> Boston, MA  02114-9565

> Office of Massachusetts Attorney General
> 1 Ashburton Pl
> Boston, MA 02108

Date:   May 24, 2019

> CAROL HEAD (BBO 652170)
> Assistant United States Attorney
> One Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3213
> carol.head@usdoj.gov

# UNITED STATES'

# EXHIBIT A

2019,
0649

FHA- PARTIAL CLAIM



**Appendix IV**

FHA Case No.

2511996681729

**SUBORDINATE NOTE**

2/9/2009

DAVID R TURNER & PEGGY C TURNER
23 TOBIN AVENUE
REVERE, MA 02151
DOC ID#0651624267105B

1.  **PARTIES**

    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2.  **BORROWER'S PROMISE TO PAY**

    In return for a loan received from Lender, Borrower promises to pay the principal sum of Seventeen Thousand Six Hundred Eleven dollars Dollars & Sixty Six Cents ($17,611.66), to the order of Lender.

3.  **PROMISE TO PAY SECURED**

    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4.  **MANNER OF PAYMENT**

    (A) **Time**

        On, 1/1/2028 of insured mortgage or, if earlier, when the first of the following events occurs:

        (i)   Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

        (ii)  The maturity date of the primary Note has been accelerated, or

        (iii) The Note and related mortgage, deed or trust or similar Security Instrument are no longer insured by the Secretary, or

        (iv)  The property is not occupied by the purchaser as his or her principal residence.

1 of 2

CALIFORNIA - SCHEDULE "A" - HUD INSTRUMENT

FHA- PARTIAL CLAIM

(B) **Place**

Payment shall be made at the Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. **BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6. **WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (SEAL)
DAVID R TURNER                   Borrower

_____ (SEAL)
PEGGY C TURNER                   Borrower

2 of 2

CALIFORNIA - SCHEDULE "A" - HUD INSTRUMENT

FHA- PARTIAL CLAIM



Bk: 45060 Pg: 281    Doc: MTG
Page: 1 of 7    06/10/2009 10:09 AM



Recording Requested by & When Recorded Return To:
US Recordings, Inc.
2925 Country Drive Ste 201
St. Paul, MN 55117

SPACE ABOVE FOR RECORDER USE

FHA Case No.

2511996681729

DOC ID#0651624267105B

15117500

# MORTGAGE

THIS MORTGAGE ("Security Instrument"), is given on 2/9/2009. The Mortgagor(s) are DAVID R TURNER & PEGGY C TURNER, whose address is 23 TOBIN AVENUE, REVERE, MA 02151 ("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is **Department of Housing and Urban Development, Attention: Morris-Griffin/First Madison Services, Inc. 4111 S. Darlington, Suite 300, Tulsa, OK 74135** ("Lender"). Borrower owes Lender the principal sum of 17,611.66. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on 1/1/2028. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note: (b) the payment of all other sums, with interest, advanced under Paragraph 2 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale, the following described property located in SUFFOLK County, State of Massachusetts: which has the address 23 TOBIN AVENUE, REVERE, MA 02151 ("Property Address") more particularly described as follows:

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.     PAYMENT OF PRINCIPAL. Borrower shall pay when due the principal of the debt evidenced by the Note, together with interest or other charges as provided in the Note and the Security Instrument.

2.     LENDER'S RIGHT TO TAKE ACTION TO PROTECT THE PROPERTY. If (A) Borrower does not keep all promises and agreements made in this Security Instrument, or (B) someone, including Borrower, begins a legal proceeding that may significantly

1 of 4

MASSACHUSETTS - SUBORDINATE MORTGAGE - 10/97 - HUD INSTRUMENT



*FHA- PARTIAL CLAIM*

affect Lender's rights in the Property (such as, for example, a legal proceeding in bankruptcy, in probate, for condemnation, or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions under this Paragraph 2 may include, for example, appearing in court, paying reasonable attorneys' fees, and entering on the Property to make repairs. Lender must give Borrower notice before Lender may take any of these actions.

Borrower will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 2. This Security Instrument will protect Lender in case Borrower does not keep this promise to pay those amounts with interest.

Borrower will pay those amounts to Lender when Lender sends Borrower a notice requesting that Borrower do so. Borrower will also pay interest on those amounts at the same rate stated in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and Borrower may agree in writing to terms of payment that are different from those in this paragraph.

Although Lender may take action under this Paragraph 2, Lender does not have to do so.

3.       **BORROWER NOT RELEASED; FORBEARANCES BY LENDER NOT A WAIVER.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

4.       **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CO-SIGNERS.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note; (a) is consigning this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

5.       **NOTICES.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Morris-Griffin/First Madison Services, Inc. 4111 S. Darlington, Suite 300, Tulsa, OK 74135 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

6.       **GOVERNING LAW; SEVERABILITY.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

7.       **BORROWER'S COPY.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

8.       **ACCELERATION; REMEDIES.** If Borrower fails to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amount owed under the Note and under this Security Instrument, Lender, prior to acceleration, shall give notice to Borrower as provided in paragraph 5 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all

2 of 4

FHA- PARTIAL CLAIM

reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 8, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Security Instrument; and (c) the excess, if any, to the person or persons legally entitled thereto.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

9.      **BORROWER'S RIGHT TO REINSTATE.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to keep any promise or agreement made in this Security Instrument, including the promise to pay, when due, the amounts due under the Note and this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if the Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

10.      **RELEASE.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument without cost to Borrower. Borrower shall pay all costs of recordation. if any.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

By SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any riders(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

_____ (Seal)          _____ (Seal)

DAVID R TURNER                                        PEGGY C TURNER

3 of 4

MASSACHUSETTS - SUBORDINATE MORTGAGE - 10/97 - HUD INSTRUMENT

FHA- PARTIAL CLAIM

The Note secured by the Mortgage has:
a Principal Sum of                              a Period of Loan of
a Rate of Interest of                           Periodic Due Dates of

**COMMONWEALTH OF MASSACHUSETTS,**                    County ss: Suffolk

On this 26th day of February, 2009, before me personally appeared
David R Turner and Peggy C. Turner
to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

My Commission expires: 12|09

_____
Notary Public

_____(*Space Below This Line Reserved For Lender and Recorder*)_____

MASSACHUSETTS - SUBORDINATE MORTGAGE - 10/97 - HUD INSTRUMENT

This is certify that this document was prepared by Bank of America Home Loans,

*Regdora Marlin*

Regdora Marlin
Partial Claims Team - Richardson
2380 Performance Drive
MS: TX2-984-05-04
Richardson, TX 75082
866-538-7052 ext 2622

Exhibit 'A'

Landsafe File No.: 09-6-049275B

APN Number: REVE-000013-T001929-000008

Legal Description: CERTAIN REAL ESTATE SITUATED IN REVERE IN
THE COUNTY OF SUFFOLK, BOUNDED, AND
DESCRIBED AS FOLLOWS:

COMMENCING AT THE POINT WHERE THE WESTERLY LINE OF LOT 259
INTERSECTS THE
NORTHERLY SIDE OF TOBIN AVENUE, THENCE RUNNING
NORTHWESTERLY ALONG SAID
NORTHERLY SIDE OF TOBIN AVENUE, FORTY (40) FEET; THENCE
RUNNING NORTHEASTERLY
ALONG REAR LINES OF LOTS 75-76-77-78, EIGHTY (80) FEET; THENCE
RUNNING
SOUTHEASTERLY, BUT MORE SOUTHERLY ALONG REAR LINE OF LOT
238, TWENTY AND
30/100 (20.30) FEET; THENCE RUNNING SOUTHEASTERLY ALONG REAR
LINE OF LOT 239,
NINETEEN AND 98/100 (19.98 FEET); THENCE RUNNING SOUTHWESTERLY
ALONG SAID
WESTERLY LINE OF LOT 259, SEVENTY-EIGHT AND 52/100 (78.52) FEET
TO THE POINT OF
BEGINNING.

BEING LOTS NOS. 260 AND 261, WITH THE BUILDINGS THEREON, ON THE
MAP ENTITLED
"PLAN OF RIVERSIDE, POINT OF PINES, REVERE, MASSACHUSETTS,
OWNED BY POINT OF
PINES TRUST, ALDEN A. MILLS, TRUSTEE, MAY, 1921," RECORDED WITH
THE SUFFOLK DEEDS
AT THE END OF BOOK 4580.

CONTAINING 3131 SQUARE FEET.

BEING THE SAME PREMISES CONVEYED TO ME BY DEED OF LINDA A.
ZOLLO JULY 1, 1993

RECORDED WITH SUFFOLK REGISTRY OF DEEDS IN BOOK 18339 PAGE 171.

SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENT, COVENANTS, OIL, GAS OR MINERAL
RIGHTS OF RECORD, IF ANY.

1280   6/2/2009   75717500/1

UNITED STATES'

EXHIBIT B

2014.
0649

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**
**CERTIFICATE OF INDEBTEDNESS**
**(PARTIAL CLAIM)**

Memorandum to: Ann D'Arpino

Debtor's Name: David and Peggy C. Turner

FHA Case No.: 251-1996681                              Amount of Loan:  $17,611.66

This indebtedness arose in connection with the loan made on the debtor's behalf by the Secretary of Housing & Urban Development pursuant to the Federal Housing Administration's loss mitigation procedures for mortgage insurance (12 U.S.C. 1701, et seq., National Housing Act as amended by Section 407 of the Balanced Budget Downpayment Act I of 1996).   Specifically, such loan was provided under 12 U.S.C. 1715(u)(a) which allows payment by the Secretary to the lender of a "partial claim" to cure a default by the debtors in payments due under a prior (or primary) mortgage insured by F.H.A. 24, C.F.R. 203.371 and other relevant regulations specify the procedures for payment of such a partial claim and provide for repayment by the debtors of any amounts loaned on their behalf as a partial claim.  This repayment obligation is represented by a promissory note and is secured by a subordinate mortgage or deed of trust.  (See also Mortgagee letter 96-61 issued November 12, 1996, and forms for the note and security instrument promulgated via Mortgagee Letter 97-17 issued May 1, 1997.)

I certify that there is **$17,611.66**, due on this account; bearing no interest, and payable according to its terms upon the first occurrence of (1) payment in full or other cancellation or satisfaction of the primary mortgage; (2) the security property ceases to be the debtor's primary residence; (3) cancellation of the mortgage insurance by F.H.A. on the primary mortgage; (4) acceleration of the primary mortgage. The above recited amount is currently due and no payments or other credits have been accepted or otherwise accrued that have not been posted to this account.

George Odoi
NOVAD MANAGEMENT CONSULTING LLC as Attorney-in-Fact for Ben Carson,
Secretary of U.S. Department of Housing & Urban Development

STATE OF OKLAHOMA     )
                      ) SS.
COUNTY OF OKLAHOMA  )

Acknowledged before me this Wednesday, May 15, 2019, by George Odoi, NOVAD Management Consulting LLC, the Attorney-in-Fact for Ben Carson, Secretary of the U.S. Department of Housing & Urban Development under authority and by virtue of a limited power of attorney.

My Commission Expires:  04/09/2022

Notary Public

REBECCA M MAXWELL
Notary Public
State of Oklahoma
Commission # 18003567  Expires 04/09/22

17

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 1984CV00649

BANK OF AMERICA, N.A.,          )   US Dist # 19-cv-11290
                                )
          Plaintiff,            )
                                )
v.                              )
                                )
PEGGY C. TURNER ET AL.,         )
                                )
          Defendants,           )
                                )
THE UNITED STATES OF AMERICA,   )
ET AL.,                         )
                                )
          Interested Parties.   )

## NOTICE OF FILING PAPERS REMOVING ACTION TO THE UNITED STATES DISTRICT COURT BY UNITED STATES OF AMERICA, ON BEHALF OF U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

TO:   Bank of America, N.A.
      c/o Casey Ryder McCaffrey, Esq.
      Guaetta and Benson, LLC
      73 Princeton St
      Suite 208
      North Chelmsford, MA  01863

      Peggy C. Turner
      23 Tobin Avenue
      Revere, MA 02151

      Estate of David R. Turner
      23 Tobin Avenue
      Revere, MA 02151

      City of Revere
      Department of Planning and
      Community Development
      281 Broadway
      Revere, MA 02151

Massachusetts Commissioner of Revenue
c/o John J. Connors, Jr., Esq.
Massachusetts Dept. of Revenue, Litigation Bureau
100 Cambridge St., 7th Floor
PO Box 9565
Boston, MA  02114-9565

Office of Massachusetts Attorney General
1 Ashburton Pl
Boston, MA 02108

PLEASE TAKE NOTICE that, on June 10, 2019, a Notice of Removal of the above-titled action was filed by the United States with the United States District Court for the District of Massachusetts.

PLEASE TAKE FURTHER NOTICE that, as provided by 28 U.S.C. § 1446(d), the Suffolk Superior Court, "shall proceed no further unless and until the case is remanded."  A copy of the Notice of Removal, without attachments, is attached to this Notice.  This Notice is furnished and shall be filed as provided by 28 U.S.C. § 1446(d).

Respectfully submitted,

UNITED STATES OF AMERICA,
ON BEHALF OF DEFENDANT UNITED
STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

By its attorneys

ANDREW E. LELLING
United States Attorney

Date:  June 11, 2019          By:

CAROL E. HEAD (BBO 652170)
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3213
carol.head@usdoj.gov

I HEREBY ATTEST AND CERTIFY ON
June 19, 2019 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
First Asst. Clerk

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:19-cv-11290 |
| ) | |
| v. ) | |
| ) | |
| PEGGY C. TURNER ET AL., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ET AL., ) | |
| ) | |
| Interested Parties. ) | |

## UNITED STATES' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1444, the United States, on behalf of its department, the

Department of Housing and Urban Development ( "HUD"), by its undersigned counsel, states as

follows:

1.      The United States has been named as an interested party and the Secretary of

HUD has been named as a defendant in an action now pending in Suffolk Superior Court,

located at 3 Pemberton Square, Boston, MA 02108 Massachusetts (the "State Court Action").

The docket number of the State Court Action is 1984CV00649.

2.      On May 24, 2019, the United States filed an Answer in the State Court Action

(the "Answer"). The State Court Action is an interpleader action affecting property upon which

the United States has a lien and, with respect to the United States, is governed by 28 U.S.C. §

2410, titled "Actions effecting property on which the United States has a lien." As set forth in

the Answer, neither HUD nor the Secretary of HUD are the proper party in a suit to determine

the lien interests of the United States.  The United States is the only proper party under 28 U.S.C. § 2410(a).

3.       Pursuant to 28 U.S.C. § 2410(a)(5), the United States waives sovereign immunity with respect to such actions, subject to the United States' independent and absolute[1] right of removal under 28 U.S.C. § 1444.

4.       28 U.S.C. § 1446(b)(1) requires that the defendant file a notice of removal within thirty (30) days of service of the complaint and/or summons on the defendant.  To the extent such requirement applies to actions removed by the United States under the absolute right of removal set forth in Section 1444, removal of this action is timely.[2]  As set forth in the Answer, Section 2410(b) requires that a copy of the "process and complaint" be sent to both "the United States attorney for the district in which the action is brought . . ." and "the Attorney General of the United States at Washington, District of Columbia."  The plaintiff has not served the Attorney General of the United States and therefore service was defective as to the United States.

---

[1]       28 U.S.C. § 1444 provides that "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." *See also Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105 (1st Cir. 2007) (Section 1444 "confers upon the federal government an absolute right to remove to federal court interpleader actions in which it is named as a defendant. . ."); *Troglen v. Capital One Bank, N.A.*, No. 5:09-CV-01516-HGD, 2010 WL 11617981, at *3 (N.D. Ala. Mar. 12, 2010) ("Courts considering a motion to remand a case which has been removed by the United States pursuant to 28 U.S.C. § 1444 and 2410 have uniformly held that because the right of removal of the United States is absolute, a motion to remand the case to state court is due to be denied.") (collecting cases).

[2]       *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (In considering whether a defendant must be formally served before the time to remove begins to run or whether the 30-day period starts earlier if defendant received informal notice of the complaint, holding that the defendant's time to remove is triggered only by receipt of formal service of process.).

As further set forth in the Answer, the United States has reserved the right to raise any objections based upon this defective service.

5.      A copy of all known process and pleadings presently received by the undersigned counsel for the United States is attached.  A copy of the state court record will be promptly provided to the Court, pursuant to Local Rule 81.1(a).

WHEREFORE, the United States respectfully request that this action be removed from State Court to the United States District Court for the District of Massachusetts and placed on its docket, and that, upon the filing of this Notice with the Clerk of the Suffolk Superior Court in Boston, Massachusetts and service upon all parties, the Suffolk Superior Court should proceed no further with this action.

Respectfully submitted,

UNITED STATES OF AMERICA,
ON BEHALF OF DEFENDANT UNITED
STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

By its attorneys

ANDREW E. LELLING
United States Attorney

Date:  June 11, 2019          By:       /s/ Carol.E. Head
                                        CAROL E. HEAD (BBO 652170)
                                        Assistant United States Attorney
                                        One Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3213
                                        carol.head@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the ECF system that a

true copy of the above document was served by certified mail upon the following parties:

Bank of America, N.A.
c/o Casey Ryder McCaffrey, Esq.
Guaetta and Benson, LLC
73 Princeton St
Suite 208
North Chelmsford, MA  01863

Peggy C. Turner
23 Tobin Avenue
Revere, MA 02151

Estate of David R. Turner
23 Tobin Avenue
Revere, MA 02151

City of Revere
Department of Planning and
Community Development
281 Broadway
Revere, MA 02151

Massachusetts Commissioner of Revenue
c/o John J. Connors, Jr., Esq.
Massachusetts Dept. of Revenue, Litigation Bureau
100 Cambridge St., 7th Floor
PO Box 9565
Boston, MA  02114-9565

Office of Massachusetts Attorney General
1 Ashburton Pl
Boston, MA 02108

Date:   June 11, 2019                           /s/ Carol E. Head
                                                CAROL E. HEAD (BBO 652170)
                                                Assistant United States Attorney
                                                One Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                (617) 748-3213
                                                carol.head@usdoj.gov

4

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BANK OF AMERICA, N.A. | PEGGY C. TURNER ET AL<br>(See Civil Action Cover Sheet Addendum) |
| **(b)** County of Residence of First Listed Plaintiff   SUFFOLK<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   SUFFOLK<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Casey Ryder McCaffrey, Esq.; Guaetta and Benson, LLC 73 Princeton St Suite 208 North Chelmsford, MA 01863; (978)250-0999 | Attorneys *(If Known)*<br>(See Civil Action Cover Sheet Addendum) |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☒ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☒ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | <br><br><br><br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
        Proceeding

☒ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        Another District
        *(specify)*

☐ 6 Multidistrict
        Litigation -
        Transfer

☐ 8 Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1444 and 28 U.S.C. § 2410(a)(5)

Brief description of cause:
Interpleader action where the United States has a lien interest

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☐ Yes   ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER |
|---|---|---|---|---|

DATE
06/11/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# Civil Action Cover Sheet
## Addendum

1. Peggy C. Turner
   23 Tobin Avenue
   Revere, MA 02151

2. Estate of David R. Turner
   23 Tobin Avenue
   Revere, MA 02151

3. Secretary of Housing and Urban
   Development
   c/o Single Family Notes Branch
   2 West 2nd Street, Suite 400
   Tulsa, OK 74103

4. Secretary of Housing and Urban
   Develoment
   c/o Novad Management Consulting
   Shepard's Mall
   2401 NW 23rd Street, Suite 1A1
   Oklahoma City, OK 73107

5. Secretary of Housing and Urban
   Development
   451 7th Street, S.W.
   Washington, DC 20410

6. City of Revere
   Department of Planning and
   Community Development
   281 Broadway
   Revere, MNA 02151

7. United States of America – Internal
   Revenue Service
   a. Internal Revenue Service
      New England Advisor
      380 Westminster Street, 4th Floor
      Providence Rhode Island 02903

   b. United States Attorney
      United States Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210

   c. U.S. Department of Justice – Tax
      Division
      Ben Franklin Station
      Washington, DC 20044

8. Commonwealth of Massachusetts –
   Department of Revenue

   a. Massachusetts Department of
      Revenue
      19 Staniford Street
      Boston, MA 02114

   b. Massachusetts Department of
      Revenue
      200 Arlington Street
      Chelsea, MA 02150

   c. Massachusetts Department of
      Revenue – Legal Division
      100 Cambridge Street
      Boston, MA 02114

## Civil Action Cover Sheet Addendum: Attorneys

Defendant:      Bank of America, N.A.
Attorney:       Casey Ryder McCaffrey, Esq.
                Guaetta and Benson, LLC
                73 Princeton St
                Suite 208
                North Chelmsford, MA  01863
                (978) 250-0999

Defendant:      Massachusetts Commissioner of Revenue
Attorney:       John J. Connors, Jr., Esq.
                Massachusetts Dept. of Revenue, Litigation Bureau
                100 Cambridge St., 7th Floor
                PO Box 9565
                Boston, MA  02114-9565
                (617) 626-3219

Defendant:      United States of America Secretary of the
                Department of Housing and Urban Development
Attorney:       Carol E. Head
                Assistant United States Attorney
                One Courthouse Way, Suite 9200
                Boston, MA 02210
                (617) 748-3213
                carol.head@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) BANK OF AMERICA, N.A. v. PEGGY C. TURNER

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   ☐   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☑   III.    120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

           *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.   (See local rule 40.1(g)).   If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                  YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                  YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                  YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                  YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                  YES ☑    NO ☐

   A.    If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☑    Central Division ☐    Western Division ☐

   B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                  YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   CAROL E. HEAD (BBO 652170)

ADDRESS   United States Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210

TELEPHONE NO.   (617) 748-3213

(CategoryForm1-2019.wpd )